HART AND ANOTHER *vs.* CARPENTER.

B. took the plaintiff's cow into his possession, under an agreement, that he should be paid for her keeping, by the milk she would yield, and if, at any time within four months, he should pay the plaintiff thirty-five dollars, the title to the cow should vest in him. B. did not pay for the cow, but sold and delivered her to the defendant, who bought her in good faith, supposing her to be the property of B. In an action of trover against such purchaser, it was held that the plaintiff was entitled to recover.

THIS was an action of trover for a cow.

On the trial upon the general issue, it was found that the cow, described in the plaintiff's declaration, was, on the 5th day of November, 1853, the property of the plaintiff. On that day, he parted with the possession of the cow to one Alvin M. Bebee, under an agreement in writing, as follows :

" Know all men by these presents, that I, Pearl Carpenter, of the town of Derby, do hereby enter into the following agreement with Alvin M. Bebee, of said Derby, to wit: I, the said Carpenter, do hereby agree to and with the said Beebe that he, from the date of this instrument, a certain cow, five years old last spring, of a lightish red color, the property of said Carpenter, of the value of thirty five dollars, shall take into his, said Bebee's possession, and shall keep and fodder, paying himself therefor from the milk and butter said cow shall make and yield, and if at any time within four months, or at the expiration of four months from the date of this instrument, the said Bebee shall pay for said cow the sum of thirty-five dollars, then on said payment, the title of said cow shall vest in said Bebee, but if, within said time, said Bebee shall not pay said amount to said Carpenter, the said Bebee is to return said cow in good condition.

Dated at Derby, November 5, 1853.

PEARL CARPENTER,
ALVIN M. BEBEE."

Afterward, and while said cow remained in the possession of Bebee, under said agreement, and before Be-

bee had ever paid anything to Carpenter under said contract, to wit, on the fifteenth day of February, 1854, Bebee sold said cow to the defendants, who bought the same in good faith, for full value, supposing her to be the property of said Bebee, and not knowing of said contract, or that Carpenter had any claim to said cow, and without making any enquiries of said Bebee as to his title to the cow. Said Bebee never paid said sum of thirty five dollars, or any part thereof, to the plaintiff. Afterward, on the 10th day of March, 1854, the plaintiff demanded said cow of the defendants, but they refused to deliver her to him, and converted the same to their own use.

The court, upon the facts aforesaid, rendered judgment for the plaintiff to recover thirty six dollars and fifty cents, the value of the cow, and costs.

The defendants, by motion in error, thereupon brought the case before this court for revision.

*Beach,* in support of the motion.

I. The plaintiff willingly parted with the possession of his property to Bebee, under such a contract that Bebee could sell it, without thereby violating his contract; for he had the option either to return the cow, or its agreed price, thirty five dollars, and the period, during which that option was to continue, had not then terminated. The case is therefore clearly distinguishable from those wherein delivery has been made, or possession obtained by fraud or mistake, as well as from the case of a mere bailee, who cannot sell without thereby violating his contract. Story on Bailment, § 439. *Hurd* v. *West,* 7 Cow., 752. *Holbrook* v. *Armstrong,* 1 Fair. R., 34.

II. The defendants, being *bona fide* purchasers from Bebee, while in possession under such a contract, are protected, even though the sale by Bebee has resulted in a violation of his contract with the plaintiff. An attaching creditor acquires only the rights of his debtor, but the books are full of cases,

Hart and another *v.* Carpenter.

recognizing additional rights in a *bona fide* purchaser. *Parker* v. *Patrick*, 5 Term. 175. *Loud* v. *Greene*, 18 M. & W., 216. *White* v. *Garden*, 5 E. L. & Eq., 379. *Hoffman* v. *Noble*, 6 Met., 68. *Johnson* v. *Peck*, 1 Wood & M., 334. *Gilbert* v. *Hudson*, 4 Green., 347.

III. The same policy of the law, which regards the retention of possession by a vendor as conclusive evidence of fraud, will eventually compel courts to adopt the kindred principle that, where the owner of personal property parts with its possession, under a contract which leaves it at the option of the recipient, either to return, or to pay its agreed price, such owner shall not be permitted to enforce his secret agreement, to the prejudice of a *bona fide* purchaser. *Dearborn* v. *Turner*, 16 Maine, 17. *Burwell* v. *Bickwell*, 17 Maine, 344. *Perkins.*v. *Douglass*, 20 Maine, 317.

*Wooster*, contra.

The plaintiff was entitled to the possession of the cow, at the time of the conversion by the defendant, unless he parted with his title, by virtue of the contract recited in the motion.

1. The contract between the plaintiff and Bebee is a mere contract of bailment, for the period of four months. Story on Bail, § 219, 368. There is no other stipulation or agreement in the instrument binding both parties thereto. It is not a conditional sale, and not an agreement that a sale ever shall take place, and in this particular it is plainly distinguishable from the case of *Forbes* v. *Marsh*, 15 Conn. R., 384.

2. But whether treated as a bailment, with a condition annexed thereto, or a conditional contract to sell *in futuro*, the plaintiff would part with nothing, and Beebe would acquire no title to the cow, until the fulfilment, or performance, of the condition. The payment of thirty five dollars by Beebe to the plaintiff, was a condition precedent to the vesting of the title in Beebe. The law construes contracts according to the intentions of the parties, and allows men to contract according to their own pleasure, unless contrary to the policy of the law or certain technical rules, for the agreement of the

minds of the parties is the only thing the law respects, in contracts. *Forbes* v. *Marsh*, 15 Conn. R., 384. *Thorpe* v. *Thorpe*, 1 Salk, 171. *Barrett* v. *Pritchard*, 2 Pick., 512. *Mires* v. *Solebay*, 2 Mod., 242. *Barrow* v. *Coles*, 3 Camp., 92. *Strong* v. *Taylor*, 2 Hill, 326. *Hussey* v. *Thornton*, 4 Mass., 405. 3. The defendants, by purchase from Bebee, could get no title, or right of possession to the cow, as against the plaintiff. They got, by their purchase from Bebee, his warranty of title and only his warranty, and they must look to Bebee on their warranty. The plaintiff lost no title by said sale, and he may reclaim his property in the hands of any person to whom the possession of the same may come, and may maintain this action, against all who shall convert his property, until the plaintiff receives satisfaction. 15 Conn. R., 384. 23 Conn. R., 75. 1 Salk, 175. 2 Pick., 312. 2 Hill, 326. 4 Mass., 405. 8 N. H., 325.

HINMAN, J. The plaintiff was the owner of the cow, the value of which he seeks to recover in this action, and, by an instrument in writing, dated Nov. 5, 1853, he agreed with Alvin M. Bebee, that Bebee should take her into his possession, keep and fodder her, paying himself therefor, by the milk she should yield, and, if at any time, within four months, or at the expiration of that time, he should pay for her thirty-five dollars, she was to belong to him, otherwise he was to return her, in good condition, to the plaintiff. Bebee took the cow under this agreement, but neither paid for nor returned her; on the contrary, he sold her to the defendants, who bought her, in good faith, supposing that she belonged to him.

We think these facts bring the case within the principle recognized in *Forbes* v. *Marsh*, 15 Conn. R., 384. The contract was not a sale to Bebee, either absolute, or conditional, but a mere letting of the cow to him, for the period of four months, with the privilege of becoming the purchaser, by paying the stipulated price.

The cases cited, tending to show that a *bona fide* sale and delivery, by one who has possession, under a purchase, fraudulently procured, will be protected against the claims of the original owner, do not apply to the case. In that class of cases, it seems to be just, that of two innocent men, he should suffer, who, by his actual sale, though fraudulently procured, has put it in the power of another, to appear to the world, as the real owner, rather than he who has relied on such appearances, in making the purchase. But Bebee never appeared to be the owner of the cow, any more than any other bailee of a chattel, may be said to appear to own it. He had possession, and that was all. Had the defendants made enquiry, as in *Forbes* v. *Marsh*, it is intimated it should be made in such cases, they would have learned that Bebee had no title. We are of opinion, therefore, that the case was correctly decided in the superior court, and there is no error in the judgment complained of.

In this opinion, the other Judges, STORRS & ELLSWORTH, concurred.

Judgment affirmed.