Baker v. Hall.

BAKER v. HALL *et al.*

15   277<br>95   575

1. CONDITIONAL SALE. When in the sale of personal property there is an express stipulation that the title shall not pass until the price is paid, the vendee takes no title, and a sale, while the property is in his possession, to a third person who has no notice of the stipulation, will convey no title. (*Bailey* v. *Harris*, 8 Iowa, 331; *Robinson* v. *Chapline*, 9 Iowa, 91.)

*Appeal from Woodbury District Court.*

WEDNESDAY, DECEMBER 9.

THIS was an action of replevin brought against the defendants for detaining a pair of portable French mill burrs, claimed by the plaintiffs as their property; for whom, on trial, a judgment was rendered, and the defendant, Hall, appealed, claiming to be the rightful owner as a *bona fide* purchaser under his co-defendant, Metcalf.

The cause was tried by the Court which made a special finding of the following facts:

1. That the plaintiffs being the owners of the property in question, in the spring of 1860, sold the same, together

Baker v. Hall.

with a belt and some fixtures to the defendant, Metcalf, for the sum of $325.00; that said Metcalf delivered to plaintiffs one pair of cattle and a wagon at one hundred dollars in part payment, and the residue was to be paid in one year.

2. That the sale and delivery of the burrs were made on the express condition that defendant, Metcalf, should give plaintiffs a note for the residue of the purchase money; that the same should be secured by a bill of sale or mortgage on the burrs; and that they should not become the property of Metcalf until paid for.

3. That Metcalf failed to give a note and mortgage, and failed to pay for said burrs, and before this action was commenced, plaintiffs demanded possession of them from the defendants, which was refused.

4. That Hall, one of the defendants, while the burrs were in Metcalf's possession, purchased the same, before the demand, in good faith, knowing that they had not been paid for, but without any knowledge of the condition annexed to the sale made to Metcalf; and gave Metcalf his note for the same, amounting to $175.00, which is not yet due, and remains unpaid, with the exception of some ten or fifteen dollars.

Upon these facts Hall excepted to judgment in favor of plaintiffs, as being contrary to law.

*Pat. Robb* for the appellant, cited the following authorities: *Vincent* v. *Cornell*, 13 Pick., 294; note to *Wilbrahand* v. *Snow*, 2 Saund., 47; *Paine et al.* v. *Whittaker*, R. & M., 99; *Rose* v. *Story*, 1 Barr, 190; *Haggerty* v. *Palmer*, 6 John. Ch., 438; *Keeler* v. *Field*, 1 Paige, 315; *Smith* v. *Lynes*, 1 Seld., 41.

*Casady & Polk* for the appellant, relied upon *Bailey* v. *Harris*, 8 Iowa, 331; *Robinson* v. *Chapline*, 9 Id., 91.

LOWE, J.— Whether a *bona fide* purchaser of personal property from one who held both the title and the possession, under a contract of purchase, upon the express condition that he would perform a specific act, which he failed to do, can hold the same against the first vendor, has been settled by this Court in the case of *Bailey* v. *Harris*, 8 Iowa, 331, and reaffirmed again in the case of *Robinson* v. *Chapline*, 9 Iowa, 91. These decisions are against the appellant in this case, and upon their authority we must affirm the same.

Affirmed.