JOSEPH R. ARNOLD v. FRANKLIN H. BEENE.

The fourth clause of the 2d section of the statute of frauds declares, that
when any loan of goods and chattels, or *slaves*, shall be pretended to have
been made to any person with whom, or those claiming under him, posses-
sion shall have remained for the space of three years, without demand made
and pursued by due process of law on the part of the pretended lender, *  *
the same shall be taken, as to the creditors and purchasers of the persons
aforesaid so remaining in possession, to be fraudulent within this act, *  *
unless such loan  *  * shall be proved and recorded as aforesaid. (Pas-
chal's Dig., Art. 3876, Note 909.) Where the loan was for more than three
years, without writing, the property was subject to execution, and the fact
that the negress was loaned to wait on the wife of the defendant created no
trust in her favor.

ERROR from Smith. The case was tried before Hon.
REUBEN A. REEVES, one of the district judges.

This was a trial of the right of property to a slave. Execution in favor of Joseph R. Arnold, against Robert O. Beene, was levied by the sheriff of Smith county, September 29, 1859, on the negro girl in controversy. The cause was submitted to the court below without the intervention of a jury.

The negro girl was levied on in the possession of the defendant in execution, and the defendant in error filed his affidavit and claim bond to try the right. The burden of proof was thus upon the claimant. (Paschal's Dig., Art. 5312, Note 1157.)

The plaintiff in execution read in evidence his execution, indorsement of levy, the value of the negro, and that she was levied on at the house of defendant in execution. The claimant read in evidence a bill of sale of the negro, executed by defendant in execution to him on the 9th day of June, 1856. The defendant in execution testified that the girl was left in his possession, to wait on his wife, by claimant, at the time of the sale, the 9th June, 1856, and had remained there from that day until the day of the levy, September 29, 1859; that claimant declined to hire her, but left her there to wait on his wife, and when he wanted hire he would let him know; and when asked by plaintiff if his brother, Franklin H. Beene, did not lend him the girl, he replied, yes, that he, witness, (defendant in execution,) proposed to hire the girl to help his wife, that claimant did not consent to hire, but said she might remain in his possession, to wait on his wife, until called for; and the girl remained in his possession until the levy was made, without any other contract being made. The above is substantially all the evidence in the case, on which the court gave judgment for the claimant.

*John C. Robertson*, for appellant.—It is insisted that the court erred, and gave judgment contrary to the law and evidence. By the statute of frauds, the negro in question

was subject to be taken in execution by the plaintiff, who was a creditor.

The following is the language of the statute, as applicable to this case: "In like manner, when any loan of goods and chattels or slaves shall be pretended to have been made to any person with whom, or those claiming under him, possession shall have remained by the space of three years, without demand made and pursued by due process of law on the part of the pretended lender,    *    *    the same shall be taken, as to the creditors and purchasers of the person aforesaid so remaining in possession, to be fraudulent within this act, and that the absolute property is with the possession, unless such loan,    *    *    were declared by will or by deed in writing, proved and recorded as aforesaid." (O. & W. Dig., Art. 1452; Paschal's Dig., Art. 3876.)

That this was a loan the proof fully shows; that the negro remained in possession of the defendant in execution, to whom she was loaned for the period of three years under the loan, is clear. There is no proof of demand made and pursued by due process of law, or that the loan was "declared by will or deed in writing, proved and recorded."

No brief for the plaintiff in error has been furnished to the *Reporter*.

Willie, J.—The statute of March 16, 1840, to prevent frauds and fraudulent conveyances, provides, that when any loan of goods and chattels or slaves shall be pretended to have been made to any person, with whom, or those claiming under him, possession shall have remained by the space of three years, without demand made and pursued by due process of law, on the part of the pretended lender, * * the same shall be taken, as to the creditors and purchasers of the persons aforesaid so remaining in possession, to be fraudulent within this act, and that the absolute property is with the possession, unless such loan, &c., of pro-

perty was declared by will or by deed in writing, proved and recorded.

This case presents precisely the state of facts contemplated by the statute, under which possession for three years by the loanee of property should be deemed fraudulent as to creditors and purchasers, and the absolute title as to them should be held to be with the possession. It was proved by the defendant in execution himself that the loan was made to him, that possession of the slave was delivered to him, and that he continued in such possession for more than three years previous to the day of the execution. There is no proof that the loan was declared by any instrument of writing, but, on the contrary, that it was a mere verbal understanding between the claimant and the defendant in execution. It is said in argument, that the negro was loaned to the said defendant for the use and benefit of his wife, and was therefore a loan to her, and not to the husband. The facts of the case do not sustain this position. It is true, that the girl was to wait on Mrs. Beene, but this was a service that any servant in his possession would be expected to perform. The mere fact that a wife is to enjoy some of the benefits of property loaned to her husband is not sufficient to render him a trustee of the same for her sole use and benefit: much less is it sufficient to relieve the lender from a compliance with that provision of the statute, which requires him to reduce his agreement with the loanee to writing, and have the same duly proved and recorded.

To place such a construction upon a transaction of this character would be to allow too easy an evasion of the clause of our statute above cited; for a mere verbal understanding with the husband, that the wife should receive some personal benefit from the labor of the property loaned, would enable him to hold the same for an indefinite number of years against the claims of his creditors, and to perpetrate frauds upon purchasers by selling them property

apparently his own by more than three years' possession, but which could be recovered from them by a loaner, who had failed to comply with the express provisions of the statute above cited.

Without attempting to decide what would have been the law of the case had the loan been to the husband, for the sole use and benefit of the wife, and had the issue been between her creditors and the loaner, we think that as between the latter and the husband, under the facts proved upon this trial, judgment should have been rendered for the creditor.   The judgment is reversed, and the cause

REMANDED.