### Francis W. Fifield v. Lewis Elmer.

*Trover: Conditional sale: Title: Evidence.* In an action of trover for the value of a cow, it is competent for the defendant to show that he sold the cow to one through whom the plaintiff claims title, upon the express condition that the title should remain in defendant until such vendee had paid for her; that nothing had been paid for her, and the condition of the sale had neither been performed nor waived at the time the alleged conversion took place. This sale being by parol could only be proved by showing what was said and done between the parties. This bargain was an independent fact upon which the rights of the parties depended, and the presence or absence of the plaintiff had no bearing upon it.

*Heard and decided April 25.*

Error to Oakland Circuit.

Elmer brought trover against Fifield to recover the value of a cow alleged to have been converted by the latter. The trial was by jury.

Upon the trial, the plaintiff, to maintain the issue on his part, was sworn as a witness, and testified that he was the owner of the cow in suit; that she was taken from his possession in the month of October, 1871, and that she was worth fifty-five dollars. Counsel for the plaintiff then asked the witness if he had heard the defendant make any statements about his having taken the cow. Whereupon the defendant's counsel admitted in open court, that he took her from plaintiff's possession.

On his cross-examination, the plaintiff testified that he bought the cow in August, 1871, of a Mrs. Duel; that Mrs. Duel has a son named Edwin Duel; that Mrs. Duel bought the cow of her son Edwin, as he heard both her and Edwin say; that he bought the cow of Mrs. Duel for forty-five dollars; that he paid nothing down, but gave a chattel mortgage on the cow for the purchase money, and since had paid five dollars on it; that before defendant took the cow, he had a conversation with him, in which defendant told him the cow was his, and he should take her; that this conversation was a few days after he bought her, and that when he had this conversation with defendant, he had not paid any thing on the purchase. Thereupon the plaintiff rested his case.

The counsel for the defendant, in opening his defense to the jury and court, stated that he would show that defendant sold the cow to Edwin Duel in the spring of 1870, upon the express condition that the cow should remain defendant's until Duel had paid for her; that nothing was paid at the time, and that the condition had not been performed by Duel, nor waived by defendant, at the time he took the cow from the plaintiff.

The defendant, to maintain the issue on his part, gave evidence tending to prove that the plaintiff had not paid any

thing on the purchase, and called as a witness, one William Short, who testified that he formerly owned the cow in question; that he sold her to Mr. Fifield, the defendant, for fifty-five dollars, and that he delivered her to Edwin Duel in the spring of 1870.

The defendant also called as a witness one Alvin Watson, who testified that he knew the defendant, the plaintiff, and Edwin Duel, and had seen the cow. Counsel for the defendant then asked witness this question: "Were you present at any time when Mr. Fifield and Mr. Duel made a bargain about the cow?" The witness answered: "I was; it was in the spring of 1870; I heard the conversation." Counsel for the defendant then asked the witness to state the conversation between them. To which counsel for the plaintiff objected, and asked if the plaintiff was present. Counsel for the defendant stated that he was not present. Whereupon the court asked the counsel for the defendant if that could be any notice to the plaintiff. Counsel for defendant then stated to the court that he expected to prove by the witness what the contract was between the defendant and Mr. Duel when Duel bought the cow, and to show that the sale to him was a conditional one. The circuit judge refused to allow the question to be answered and excluded the evidence because plaintiff was not present; and the defendant excepted.

The above, and foregoing is, in substance, all the evidence given upon the trial of said issue. The verdict was for the plaintiff, and judgment was rendered accordingly. The defendant brought the cause to this court on writ of error.

*O. F. Wisner,* for plaintiff in error, was stopped by the court.

*W. B. Jackson,* for defendant in error.

PER CURIAM.

The ruling of the court below was erroneous.   The fact of the bargain between Fifield and Duel was a material fact, and its terms could only be proved by showing what was said and done between the parties.   This is the only way in which any contract can be proved; and it can make no difference who else was present or absent, as such presence or absence could in no way bear upon the bargain, which was an independent fact, on which the rights of the parties depended.

The judgment must be reversed, with costs, and a new trial granted.