## LACY v. THE DUBUQUE LUMBER CO.

1. **Principal and Agent:** PROMISSORY NOTE. Where an agent signed his name to a note, followed by such initials as would indicate to business men that he signed it in the capacity of agent, and in behalf of his principal, the latter will be held to liability thereon.

2. ———: ———: EVIDENCE. If the initials are unintelligible without explanation, their meaning may be explained by extrinsic parol evidence.

*Appeal from Dubuque Circuit Court.*

WEDNESDAY, JUNE 14.

ACTION upon a promissory note. There was a trial to the court without a jury and judgment for plaintiff. Defendant appeals.

*Pollock & Shields,* for appellant.

*L. Fockler* and *J. D. Burt,* for appellee.

BECK, J.—Two other causes bearing the same title of this one are submitted with it upon the same abstract. The facts being the same in all, they are disposed of together. While each action is upon a separate promissory note, the three instruments are identical in the language upon which the question arises that we are called upon to decide. The following is a copy of one of the notes:

$1,689.04.     "OFFICE OF DUBUQUE LUMBER COMPANY, }
                          DUBUQUE, September 9, 1874. }

"Three months after date, I promise to pay to the order of P. B. Lacy sixteen hundred and eighty nine 4-100 dollars, at First National Bank Dubuque.

                          M. H. MOORE, P. D. L. Co."

The petition alleges that defendant is a corporation; that it purchased saw logs of plaintiff to the value of $......, and that M. H. Moore, its president and business manager, executed said note in payment for such logs; that the instrument was executed as the note of the corporation and signed by the

president thereof, and that the initials "P. D. L. Co.", are intended to express the words "President Dubuque Lumber Company," and were used commonly by the president of the defendant in executing contracts whereby the corporation was. intended to be bound.

To the petition defendant demurred on these grounds:

1. The note is not executed by defendant, but appears on its face to be the note of M. H. Moore.

2. The note cannot be shown to be the note of defendant by parol testimony.

While the grounds of the demurrer are expressed in a dif-·erent form, the foregoing expresses its full effect. The demurrer was overruled by the Circuit Court, and this decision is now complained of as erroneous.

We are of the opinion that the court below decided rightly and that the judgment ought to be affirmed. We think the note on its face shows that it is the obligation of the defendant. It · purports to have been executed in the office of defendant, and few business men would have difficulty in understanding the initials attached to the name of the party signing it, and would interpret them as meaning President of the Dubuque Lumber Company. But if this be not so and the letters are unintelligible without explanation, the law will permit. such explanation to be given. 1 Greenleaf Ev., § 282. When these initials are understood or are explained by parol evidence to indicate that the signer of the note is the president of defendant, we conclude that the instrument then sufficiently shows on its face that it is the obligation of defendant. See Story on Agency, § 154, and authorities cited; Angel & Ames on Corporations, § 294.

The case is different in facts from *Bayliss v. Pearson*, 15 Iowa, 277. The promissory note, in that case, does not, on its face, purport to be the note of the school district as claimed by defendants therein; but, we hold, the note in the case . before us, with the explanation made by competent evidence, shows upon its face that it is the obligation of defendant. The ·difference between the instruments is readily discernible. The judgments in the three cases are

AFFIRMED.