## GRIFFITH & WEDGE v. MORRISON & MATHEWS.

SUPREME COURT, TYLER TERM, 1882.

*Chattel mortgage—Registration—Constructive notice—Statute construed.*—Article 4993, P. D., evidently intended that the record of a chattel mortgage in the county of the residence of the mortgagor at the time of the execution of the mortgage would be notice to any subsequent purchaser, even though the property itself might be removed to another county, and that it is not necessary to record it in that county, unless the mortgagor might also have removed there.

Error from Anderson county.—Opinion by Bonner, J.—The first assigned error is as follows: "First—After charging the jury that the record of a mortgage in the proper county is notice to all persons, whether they actually knew of the record or not, by what is called constructive notice, the court erred in charging that the mortgage or deed of trust on the engine, not being recorded in Anderson county within four months of the time the property

was removed into that county, was not constructive notice to Mathews, making the plaintiff's right to recover against the defendant Mathews, depend on the inquiry whether or not he had actual notice of the plaintiff's lien, or was in possession of such facts as would put a man of reasonable judgment upon inquiry, so that by use of diligence, by pursuing his investigations, he could have ascertained the fact of the existence of the lien.  And in further charging as follows:  'If you do not find that said Mathews either had actual notice of the plaintiff's lien, or knew such facts as would put him, upon inquiry, by which he could have ascertained such lien existed by making proper inquiries, you will find in favor of said Mathews, and inquire no further as to him.' "

Upon the case as made by the record, the following questions arise:

1. Was the original contract between Griffith & Wedge and defendant Morrison, as evidenced by his promissory notes, a conditional sale of the steam engine and sawmill, for the purchase money of which the notes were given ?

2. If so, was its character not changed to a mortgage by the subsequent execution of the deed of trust or mortgage, with power of sale, in the absence of any evidence to the contrary?  And if thus changed to a mortgage, was it necessary to record the same in Anderson county within four months after the removal of the property into that county, to constitute constructive notice to defendant Mathews, the legal effect of the verdict being that he did not have actual notice ?

3. What was the effect of the written instructions to Morrison to sell, contained in the letter to him from Griffith & Wedge.

1.  We are of the opinion that the original contract, as evidenced by the notes sued on, was a conditional sale, by which the payment of the notes was a condition precedent to the vesting title to the engine and mill into Morrison.

The authorities are numerous to the effect that when a sale of chattels is conditional, in the sense that the right of property therein does not pass until the performance of a condition precedent, as that the title shall remain in vendor until payment of the purchase money, the mere possession of the vendee will not amount to such apparent ownership as will enable him to give to a second purchaser a title superior to that by which he himself holds, although this second purchaser may have no notice of the want of title in his vendor.  (Wade on Notice, sec. 72; Benjamin on Sales,

3 Am. ed., by Bennett, 285, both citing numerous authorities in notes.)

2.    We are, however, further of opinion that the subsequent transaction between Griffith & Wedge and Morrison changed the character of the original contract from that of a conditional sale to that of a mortgage, in which Morrison, as the recognized owner of the property, became the mortgagor and Griffith & Wedge the mortgagees.    The inducement to this was, doubtless, the failure of Morrison to pay the first note at maturity and the additional security given by the deed of trust on the land.

The deed of trust, or mortgage with power of sale on the engine and mill, was duly recorded in Henderson county, which was then and has since continued to be the residence of Morrison, prior to the sale to Mathews, and the latter must, by virtue of this record, be charged with constructive notice of the lien of Griffith & Wedge, unless the failure to record it in Anderson county within four months after the removal of the engine and mill into that county had the effect to impair that notice.

It is said by a learned author, that " The object in requiring the record of the mortgage is to give publicity to it, and to provide a source of information common to all persons, so that they may determine with some degree of facility, convenience and certainty the question of title to the property whenever they may be interested to know it; while, at the same time, it is not among the purposes of the recording act to subject a *bona fide* mortgagee to the inconvenience of the constant vigilance and ceaseless watching which would be requisite to guard and secure his interests if he were obliged to record the mortgage in every town into which the mortgagor might see fit to remove the property.    If he were required to do this, his security would be wellnigh worthless, for before he could do this a creditor of the mortgagor might seize the property by process of law, or the mortgagor himself might pass a title to it, by way of a sale, to an innocent purchaser."    (Jones on Chattel Mortgages, sec. 260.)

The statutes providing for chattel mortgages have generally required the record to be made in the county of the residence of the mortgagor, as the most appropriate place and source of this information common to all persons.    (Id., sec. 250.)

This is the rule adopted both by our statutes in force when the deed of trust in this case was recorded and when the sale to Mathews was made.    (Paschal's Digest, arts., 4985, 4993; Revised Statutes, App. 16, secs. 1–7.)

By the former, intended for the protection both of the mortgagee and innocent third parties, it is provided that "Every deed respecting the title of personal chattels hereafter executed, which by law ought to be recorded, shall be recorded in the clerk's office of the county court of that county in which the property shall remain; and if afterwards the person claiming title under such a deed shall permit any other person, in whose possession such property may be, to remove the same, or any part thereof, out of the county in which such deed shall be recorded, and shall not within four months after such removal cause the deed aforesaid to be certified to the county court of the county in which such other person shall so have removed, and to be delivered to the clerk to be there recorded, such deed, for so long as it shall not be recorded in such last mentioned county, and for so much of the property aforesaid as shall have been removed, shall be void in law as to all purchasers thereof for valuable consideration (without notice), and as to all creditors." (P. D., art. 4993.)

The statutes in force when the sale to Mathews was had required the mortgage to be recorded in the county where the property was situated at the time, or if the mortgagor, or person making the same, be a resident of this State, in the county of which he shall at the time be a resident. It further provides that nothing contained in that act shall in any manner affect the right of any person under any instrument heretofore recorded as required by law. (Rev. Stat., Appendix 16, sec. 1–7.)

The statute first above quoted (P. D., 4993) evidently intended by the phrases, "Shall permit any other person in whose possession such property may be to remove with the same, or any part thereof, out of the county," etc., and "cause the deed aforesaid to be certified to the county court of the county in which such other person shall so have removed," that the record in the county of the residence of the mortgagor at the time of the execution of the mortgage would be notice to any subsequent purchaser, even though the property itself might be removed to another county, and that it is not necessary to record it in that county, unless the mortgagor might also have removed there.

In this case, although the engine and mill were, without the consent of Griffith & Wedge, removed into Anderson county, the mortgagor, Morrison, himself continued to reside in Henderson county.

We are of opinion that the record in Henderson county was con-

structive notice to Mathews, and that the court erred in charging the jury that it was not such notice.

3. If defendant Mathews rests his claims, under the authority to sell given to Morrison by the letter to him from Griffith & Wedge, then he is in law chargable with notice of its contents and of the extent of the power therein conferred. At most there was a power to sell for cash or its equivalent, and was not a power to barter or exchange for lands; therefore the exchange for the house and lot in Palestine was without authority, and not binding on Griffith & Wedge.

Reversed and remanded.