CITY NATIONAL BANK ET AL. v. J. W. TUFTS.

(Case No. 1834.)

1. EXECUTORY CONTRACT.— A contract for the purchase of personal property, under which its possession passes to the purchaser, and by the terms of which the title remains with the seller until a deferred payment of purchase money is made, is an executory contract, and the property is not subject to be seized under process to satisfy the creditors of the purchaser until they have paid or tendered to the original seller the amount due on such property. (Citing Deshon v. Bigelow, 8 Gray, 160; Forbes v. Marsh, 15 Conn., 393; Sumner v. McFarlan, 15 Kan., 601, and other cases found in the opinion.)

2. SAME — STATUTE CONSTRUED — LIMITATION.— Art. 2468, R. S., is a law of limitation as well as of registration, and, though the instrument evidencing the contract be not in writing, duly acknowledged or proved, and recorded, the title remains, in the case above stated, with the seller for the period of two years after the purchase, as against the rights of the creditors of the purchaser to subject it to the payment of their debts.

APPEAL from Tarrant. Tried below before the Hon. A. J. Hood.

On the 2d day of May, 1883, appellants caused an attachment to issue out of the district court of Tarrant county against C. W. Barradell, which was on the 2d of May, 1883, levied on a drug store belonging to C. W. Barradell, and also on a soda fountain and apparatus in possession of Barradell.

May 23, 1883, appellee executed and filed with the district clerk an affidavit and bond, claiming title to the soda fountain and apparatus.

Appellee lived in Boston, Massachusetts, and claimed title to said property, and that on the 28th of December, 1881, he sold and delivered the same to said Barradell for $800 — $100 cash, and $700 as evidenced by certain notes payable in monthly instalments; that all of said notes had been paid except the sum of $200, and that in the notes it was stipulated that the title to the property did not pass to Barradell until all of the notes were paid.

VOL. LXIII — 8

Appellants claimed that at the time of the levy of the attachment Barradell had the actual and exclusive possession of the property since December 21, 1881; that it belonged to him and was subject to levy.

It was admitted that appellants had no notice of appellee's claim, and that when the levy was made neither said Barradel, or appellee, or any one else, made any claim of the property as the property of appellee, and that at the time of the levy it was worth the sum of $400.

Judgment for appellee.

The case having been submitted to the court without a jury, the court, in writing, made the following findings of law and facts:

*First.* The plaintiffs' attachments were legal and founded on a valid and subsisting debt, and were levied upon the property in controversy as the property of C. W. Barradell whilst the same was in possession of said C. W. Barradell, and that the levy of said writs of attachment was in proper legal form.

*Second.* The plaintiffs in the attachment had no notice, actual or constructive, of defendant J. W. Tufts' claim to said property at and before the levy of said writs of attachment.

*Third.* That said property consisted of soda fountain and attachments, used by said C. W. Barradell in his retail drug store for the purpose of manufacturing soda water, and was not for sale by said Barradell, nor had it ever been offered for sale by him, nor was said Barradell engaged in the business of buying and selling soda fountains.

*Fourth.* That the notes described and mentioned in the issues made and presented by defendant, and made a part of his issue, were executed and delivered by said Barradell to defendant at the time and date specified in said notes; that said soda fountain and attachments were sold by said defendant to said Barradell, and at the time of the execution and delivery of said notes said defendant sold said soda fountain and attachments to said Barradell, and that the consideration for the sale of said property by defendant to said Barradell was the execution and delivery by said Barradell to defendant of a certain number of notes, of which those attached to, and made a part of, defendant's issues are a part; that it was stipulated in all of said notes that the title and right of possession of said property did not pass from defendant to Barradell until all of said notes were paid, and that, upon the failure of said Barradell to pay any of said notes when they became due, the defendant had a right to retake immediate possession of said property.

*Fifth.* That all of said notes were paid except those described and set out in defendant's issues herein tendered.

*Sixth.* That the property in controversy is worth the sum of $400.

The court finds the law to be from the foregoing statements of his findings of facts: That at the time of the levy of the plaintiffs' writs of attachment, that the title and right of possession to the property in controversy was in the defendant J. W. Tufts; that the sale by J. W. Tufts to C. W. Barradell was a conditional sale, conditioned upon the payment of said notes by Barradell to J. W. Tufts when due; that some of said notes were due when said writs of attachment were levied and had not been paid, and for these reasons the court concludes that said property was not subject to levy of said writs of attachment.

*Ball & McCart,* for appellants, cited: 57 Tex., 354; 13 Bush, 430; 93 U. S., 664; 102 U. S., 235; 35 Barb., 585; 2 Hilt. (N. Y.), 96; 92 Penn. St., 53; 37 Am. R., 661; 89 Ill., 233; 31 Am. R., 81; 46 Ill., 487; 37 Ill., 370; 90 Ill., 499; 21 Ill., 330; 64 Penn. St., 499; 3 Am. R., 612; 36 N. Y., 556; 52 Ala., 94, 572; 23 Mich., 267; 10 Bush, 337; 36 N. Y., 556; 58 Ala., 165; Whitcomb *v.* Wordworth, Vt. Supreme Ct., 1882; 1 Benjamin on Sales (4th Am. ed.), secs. 452–461; Story on Sales, secs. 200, 203, 313.

*Hyde Jennings,* for appellee, cited: Comms. of Appeals, Deal *v.* Smith, Texas Law Journal, No. 42, p. 663; Benjamin on Sales (3d Am. ed.), sec. 320; 2 Kent, 497; Bassett *v.* Pritchard, 2 Pick., 512; Whitwell *v.* Vincent, 4 id., 449; Strong *v.* Taylor, 2 Hill (N. Y.), 326; Morris *v.* Rexford, 18 N. Y., 552; Dannefester *v.* Wigel, 27 Mo., 45; Bamenthal *v.* Horr, 7 Blatch., 548; Benner *v.* Puffer, 114 Mass., 376; Ridgeway *v.* Kennedy, 52 Mo., 24; Griffith & Wedge *v.* Morrison & Mathews, 58 Tex., 46.

STAYTON, ASSOCIATE JUSTICE.— The contract between Tufts and Barradell was an executory contract of sale, through which title did did not pass to the latter.

Until payment of the purchase money, evidenced by the notes given by Barradall to Tufts, the title to the property which the latter contracted to sell remained in him. Benjamin on Sales, 320; in the notes to which, in third American edition by Bennett, there is an exhaustive citation of the cases supporting the proposition. The rule is recognized in Griffith & Wedge *v.* Morrison & Mathews, 58 Tex., 51, and in Sinker, Davis & Co. *v.* Comparet, 4 Tex. Law Review, 337.

This being the state of the title, although the creditors of Barradell had no notice of the right of Tufts, they acquired no right to subject the property to sale for the debts due to them by Barradell, unless they paid or tendered to Tufts the balance of the purchase money due by Barradell. Deshon v. Bigelow, 8 Gray, 160; Forbes v. Marsh, 15 Conn., 393; Hirschorn v. Canney, 98 Mass., 150; Sumner v. McFarlan, 15 Kan., 601; Enlow v. Klein, 79 Pa. St., 490; Clark v. Wells, 45 Vt., 6; Hotchkiss v. Hunt, 49 Me., 213; Baker v. Hall, 15 Iowa, 277; Hart v. Carpenter, 24 Conn., 427; Gibbs v. Jones, 46 Ill., 320; Fifield v. Elmer, 25 Mich., 48; Price v. Jones, 3 Head, 86; Little v. Page, 44 Mo., 413.

This results from the recognized rule, that ordinarily no one can acquire a greater interest in personal property than has the person from whom he purchases. As attaching creditors of Barradell the appellants can occupy no higher ground than did he, or would a person purchasing from him. Forbes v. Marsh, 15 Conn., 384; Deshon v. Bigelow, 8 Gray, 159; Benjamin on Sales (edition before cited), 320, in the note to which there is a very full citation of authorities bearing upon this question.

Nothing is shown in this case to vary those general rules, and they must have their full effect, unless there be some statute in force in this state, which, under the facts, gives to the appellants some right not otherwise given.

The only statute in force in this state applicable to the question is found in art. 2468, R. S.

It is as follows: "When any loan of goods or chattels shall be pretended to have been made to any person with whom, or those claiming under him, possession shall have remained for the space of two years without demand made and pursued by due process of law on the part of the pretended lender; or when any reservation or limitation shall be pretended to have been made of a use of property, by way of condition, reversion, remainder or *otherwise* in goods and chattels, the possession whereof shall have remained in another as aforesaid, the same shall be taken as to the creditors and purchasers of the person aforesaid, so remaining in possession, to be fraudulent within this chapter, and that the absolute property is with the possession, unless such loan, reservation or limitation of use of property were declared by will, or by deed or other instrument in writing, duly acknowledged or proved and recorded."

We are of the opinion that the last clause of this statute is applicable to such a transaction as that between Tufts and Barradell, and that, for the purpose of preventing fraud, it covers cases in which

one person places goods or chattels belonging to him, in the possession of another, when there is nothing of record to show that such possessor is not what his possession would indicate — the real owner, though the possession be given really with an intention, or even an agreement between the parties, that the right to use or hold shall terminate on the performance or non-performance of certain acts which may be in their nature conditions or limitations on which depend the further right of the person in possession to use or hold the thing possessed.

The first clause of the statute provides the period of two years as the time which shall be required, in the absence of the proper record, to give to creditors of and purchasers from the possessor such protection as they would have if the thing really belonged to the possessor; and to this period of possession the words, "shall have remained as aforesaid," used in the second clause, refer, for the purpose of determining when, under the second clause of the section, in favor of creditors and purchasers, it shall be taken that the absolute property is with the possession.

The possession in this case did not remain with Barradell two years, before demand was made and pursued by Tufts; hence, under the terms of the statute, which is a law of limitation as well as a registration law, the appellee was not barred of his right.

In some of the states, it seems to have been held that such transactions as that between Tufts and Barradell were in contravention of the laws regulating registration, or otherwise contrary to public policy, and therefore not to be sustained to the prejudice of creditors who had acquired liens on the property or apparent title by purchase from the possessor, in ignorance of his true relation to it. Whether these rulings be based on statutes we are not advised.

In Knittel v. Cushing, 57 Tex., 359, there are expressions which may seem to lead to the belief that considerations, above expressed, influenced the decision, but it is manifest from the entire opinion that the case upon its facts was deemed exceptional. In the later cases of Griffith v. Morrison, 58 Tex., 51, and Sinker, Davis & Co. v. Comparet, 4 Tex. L. Rev., 337, the rules now announced are clearly recognized.

Legislation, in this state, in effect declares such contracts as that made by Tufts and Barradell valid; and no presumption arises until possession has remained with the vendee in the executory contract of sale for the period of two years, that the title to personal property held under such agreements is with the possession, on which creditors or purchasers from the possessor may rely, even though the instrument by which such a contract is made be not registered.

That the owner of property might pursue such a course as would preclude him, within a less period than two years, from asserting title is true; but no such course of action is shown in this case, and the court below correctly rendered judgment for the appellee.

The judgment of the court below is affirmed.

AFFIRMED.

[Opinion delivered January 23, 1885.]