Opinion by
Willson, J.
§ 720. Conditional sale of personal property; reservation of title in vendor; vendee cannot convey title, when; case stated. One J. D. Prosser obtained from appellee Elser a piano, under a contract in substance as follows: Prosser paid Elser $100 in cash, and executed his notes for $95, the balance of the purchase price of the piano, said notes due at future dates therein named. Each of the *632 notes contained a stipulation as follows: “ It is agreed and understood between the makers, indorsers and payee of this note that the piano, for the use of which to the maturity hereof this and my other notes are given, is- and shall remain the property of Max Elser, and that, in default of payment, said piano shall be restored to him or his agent in good order.” Some time after Prosser, thus obtained the piano he sold the same to appellant Dunn for a valuable consideration, the said Dunn pur-chasing the same bona fide, and without notice, either actual or constructive, of Elser’s claim thereon. Elser brought this suit against Dunn to recover said piano or $250, the alleged value thereof, and recovered judgment as prayed for. The case was tried by the judge without a jury, and he found, in accordance with the evidence, the facts as above stated. He concluded the law to be, that the notes evidenced a conditional sale of the piano by Elser to Prosser; that the latter did not acquire any title to the piano; that the title thereto remained in Elser; that Elser had in no way divested himself of the title; and that Prosser did not and could not convey title to Dunn, for the simple reason that he had no title himself. Held: It is well settled that when a sale of chattels is conditional, in the sense that the right of property therein does not pass until the performance of a condition precedent, as that the title shall remain in the vendor until the payment of the purchase money, the mere possession of the vendee will not amount to such apparent ownership as will enable him to give to a second purchaser a title superior to that by which he himself holds, although this second purchaser may have no notice of the want of title in his vendor. [Griffith & Wedge v. Morrison & Mathews, 58 Tex. 46; Sinker, Davis & Co. v. Comparet, 62 Tex. 470; also see ante, §§ 17, 153.] In a recent decision of our supreme court, in a case very similar to the one before us, the authorities bearing upon the question were reviewed and the doctrine above stated declared to be the law. [City National Bank v. Tufts, 5 Tex. Law *633 Review, 96.] And in that case it is said that such contracts are valid, and that no presumption arises from the possession of the property by the vendee in such contract, that the title is with the possession.
§721. Conditional sales are not within the registration statutes; cases overruled. In Tufts v. Blanton, ante, § 294, the commissioners of appeal held, upon the authority of Knittel v. Cushing, 57 Tex. 354, that such sales come within the operation'of our registration statutes; and that a bona fide purchaser of the property, for a valuable consideration, without notice of the original vendor’s title, takes a good title against the original vendor. But the two cases named are, in our opinion, virtually, though not expressly, overruled upon this point by the decision in the City National Bank v. Tufts,. supra. In many of the states conditional sales reserving title to the property in the vendor, are, by statute, placed upon the same footing as chattel mortgages, and are not valid against creditors and bona fide purchasers unless recorded, or unless such creditors or purchasers have notice thereof. [1 Beniamin on Sales (4th Am. ed.), § 366 et seq.] If the question were an open one, this court would be disposed to hold in accordance with the doctrine announced in Tufts v. Blanton, and Knittel v. Cushing, supra, because, in our opinion, the law disfavors secret reservations of title to property, as being in restraint of trade, and as inviting and conducive to fraud and collusion. But in the absenc ' ,^y statute controlling the matter, the law of thi ate must be held to be as laid down in Griffith & Weuge v. Morrison & Mathews, and Sinker, Davis & Co. v. Oomparet," supra, that is, that the vendee in such conditional sale acquires no title to the property, anc] can convey none, even to a bona fide purchaser for a • valuable consideration, who has no notice of the original vendor’s title.
§ 722. Contract; construction of; whether a mortgage or a conditional sale. • The contract between Elser and Prosser as evidenced by the notes, and by the other tes *634 timony in the case, clearly appears to be a conditional sale and not a mortgage. The fact that a portion of the purchase price of the piano was paid at the time of the contract does not change the character of the contract from a conditional sale to a mortgage. “Whenever it appears that the parties intended a conditional sale, and not a mortgage, the instrument will be so construed, notwithstanding the leaning of the courts in favor of construing an instrument, which leaves the intention of the parties in doubt, to be a mortgage rather than a conditional sale.” [Jones on Chattel Mortgages, §§ 26, 27, 28, 33.]
May 23, 1885.
Note.— The legislature of this state has recently enacted a statute which places conditional sales of chattels, where there is a reservation of title in the vendor, upon the same footing as chattel mortgages. It reads as follows: “That all reservations of the title to, or property in, chattels, as security for the purchase money thereof, shall be held to be chattel mortgages, and shall, when possession is delivered to the vendee, be void as to creditors and bona fide purchasers, unless such reservations be in writing and registered as required of chattel mortgages; provided, that nothing in this act shall be construed to contravene the landlord and tenant’s act.” [Gen’l Laws 19th Leg. p. 76.] — Beporter.
Affirmed.