WILLIAMS et al. v. DAVENPORT.
(No. 447.)

(Court of Civil Appeals of Texas. Beaumont. April 5, 1919. On Motion for Rehearing, May 7, 1919.)

1. LIMITATION OF ACTIONS ⬡45—RUNNING OF STATUTE—ACCRUAL OF ACTION.

Where plaintiff lent sawmill machinery to defendant, limitations did not begin to run in defendant's favor until he repudiated plaintiff's title and notice of the repudiation was brought home to plaintiff.

2. LIMITATION OF ACTIONS ⬡45—RUNNING OF STATUTE—ACCRUAL OF ACTION.

Where plaintiff lent sawmill machinery to defendant, the mere fact that defendant gave a chattel mortgage on all of his sawmill machinery, which included that lent, was not notice to plaintiff of defendant's repudiation of his title so as to start the running of limitations, though the mortgage was filed for record, for plaintiff was not bound to make periodic searches of the records to discover whether defendant had repudiated.

3. APPEAL AND ERROR ⬡1010(1)—REVIEW —SCOPE.

In an action tried to the court, a finding of fact supported by evidence will not be disturbed on appeal.

4. SALES ⬡193—BONA FIDE PURCHASERS— RIGHTS OF.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 3969, where personal property lent by plaintiff had been in the possession of the borrower for more than two years, and the loan was not evidenced by an instrument in writing, a purchaser from the borrower, with or without notice, took absolute title, for title was conclusively presumed to be in the borrower, this being so though the borrower was yet liable for the conversion, limitations not having run against plaintiff's claim.

Appeal from District Court, Hardin County; J. Lewellyn, Judge.

Action by W. H. Davenport against Sheridan Williams and Russ Daniel and another. Judgment for plaintiff against the named defendants, and they appeal. Affirmed as to the defendant Williams, and reversed and rendered as to defendant Daniel.

S. D. Tant, of Sour Lake, and T. E. Welch, of Kountze, for appellants.

A. M. Hill, of Kountze, and C. W. Howth, of Beaumont, for appellee.

WALKER, J. This is a suit by W. H. Davenport, as plaintiff, against J. B. Nixon, Sheridan Williams, and Russ Daniel, as defendants, to recover damages for the alleged wrongful conversion of certain personal property. The plaintiff alleged that on or about the 1st day of May, 1917, he loaned to Sheridan Williams certain sawmill machinery of the value of $953.60, and that Williams sold the property to Nixon, who bought it with knowledge of plaintiff's claim, and that Nixon sold the property to Russ Daniel and Sheridan Williams, Russ Daniel buying it with knowledge of plaintiff's claim. Nixon answered that he bought the property in good faith, and without any knowledge of plaintiff's claim, and Russ Daniel answered that he bought it from Nixon without any knowledge of plaintiff's claim. All of the defendants pleaded article 3969, Vernon's Sayles' Civil Statutes, and two years' limitation. The defendant Williams further pleaded that he was the owner of the property, having bought the same from the plaintiff. The court found: (1) That the property belonged to the plaintiff; (2) that on or about the 1st day of November, 1914, the plaintiff loaned the property to Sheridan Williams; (3) that the property was of the reasonable market value of $953.50; (4) that Nixon bought the property without any notice of plaintiff's claim, paying for the same a valuable consideration; (5) that on or about the 10th day of November, 1917, the defendants Russ Daniel and Sheridan Williams repurchased said property from Nixon, and that Daniel bought the same with notice of plaintiff's claim; (6) that the plaintiff has never been

paid or received anything of value for said property.

Plaintiff's original petition was filed on the 23d day of August, 1917. The court rendered judgment for the plaintiff against the defendants Sheridan Williams and Russ Daniel, and in favor of the defendant Nixon.

[1-3] Appellants' first assignment of error is that the court erred in failing to render judgment for them on their plea of limitation, because the undisputed evidence in the case was that said property had been in the hands of Sheridan Williams for more than two years next preceding the filing· of the suit. As found by the court, Williams took possession of the property on the 1st day of November, 1914. The suit was not filed until the 23d day of August, 1917. The court having found that this property was loaned by the plaintiff to defendant, limitation did not run in defendants' favor until he had repudiated this trust agreement, and notice of this repudiation had been brought home to the plaintiff, either by actual knowledge or by a notorious assertion of ownership on the part of Sheridan Williams, sufficient to put a prudent man on inquiry. Williams' use of this property in his sawmill was the use for which he had borrowed it. Such use alone was no notice to plaintiff of an adverse claim. However, more than two years after the loan and before the institution of the suit, Williams gave a mortgage on all his sawmill machinery, including this claimed by plaintiff, and this mortgage was placed on the chattel mortgage register of Hardin county, where the property was situated. The law did not require the plaintiff to search the chattel mortgage register from time to time in order to advise himself whether or not Sheridan Williams had repudiated the loan. Knowledge by plaintiff of the execution of this mortgage would have started limitation, but the mere execution of the mortgage and the filing of the same of record, without plaintiff's knowledge, or without actual knowledge of such fact and circumstances sufficient to put a reasonably prudent man on inquiry, would not, in law, put in operation the statute of limitation. In other words, plaintiff cannot be charged with constructive knowledge of the execution and filing of the mortgage. The execution of this mortgage, the filing of it in the proper records, together with all other acts, claims, and assertions of title by Sheridan Williams were properly before the court, and were by him considered in determining the issue of notice as against plaintiff. All these facts together do not, as a matter of law, constitute notice. It was an issue of fact to be determined by the court, and the court having found against appellants, this finding will not be disturbed. Woodward v. San Antonio Traction Co., 95 S. W. 76; Grumbles v. Grumbles, 17 Tex. 478; Hunter v. Hubbard, 26 Tex. 537.

[4] Article 3969, Vernon's Sayles' Civil Statutes, is as follows:

"Where any loan of goods or chattels shall be pretended to have been made to any person with whom, or those claiming under him, possession shall have remained for the space of two years without demand made and pursued by due process of law on the part of the pretended lender," etc., "the same shall be taken as to the creditors and purchasers, of the persons aforesaid so remaining in possession, to be. fraudulent within this chapter, and that the absolute property is with the possession, unless such loan, reservation or limitation of use of property were declared by will, or by deed or other instrument in writing, duly acknowledged or proved and recorded."

The court having found that this property was loaned by the plaintiff to Sheridan Williams, and the record showing that this loan was not declared by an instrument in writing, after two years, by force of this article, the absolute title to this property as to purchasers is conclusively presumed to be in Sheridan Williams. This is true, though Nixon, at the time he bought the same, may have been fully advised of the claim asserted by the plaintiff.

The finding by the court that Nixon bought the property without notice of the claim of plaintiff adds nothing to the strength of his title. He acquired the absolute title, with or without notice of plaintiff's claim. Vernon's Sayles' Texas Civil Statutes, art. 3969; Grumbles v. Sneed, 22 Tex. 565; Templeman v. Gibbs, 86 Tex. 358, 24 S. W. 792; City Nat. Bank v. Tufts, 63 Tex. 113; Hastings v. Kellogg, 36 S. W. 821; Arnold v. Beene, 30 Tex. 13.

As Nixon acquired the title to this property, he could likewise sell it to another, and such purchaser would acquire the absolute title, regardless of the issue of notice. Russ Daniel, being such a purchaser, is in no way liable to plaintiff for the conversion by Sheridan Williams, and in no event can plaintiff recover against Nixon and Daniel for a conversion of the property. Plaintiff is not seeking to recover the property, or an interest in the property, but his suit is for damages growing out of the original conversion by Sheridan Williams.

We are reversing this case with instructions to the trial court, when this case is again called for trial or on motion of either party in term time, to render judgment for the defendants Nixon and Daniel and for the plaintiff against Sheridan Williams for the value of the property as found by the court on this trial. This order is made without prejudice to the rights of plaintiff and Sheridan Williams to amend their pleadings. on a subsequent trial. Should any new issues be made as between the plaintiff and Williams, we specially affirm the following findings of fact of the trial court on this appeal: (1) That the property belonged to the plain-

tiff; (2) that on or about the 1st day of November, 1914, the plaintiff loaned the property to Sheridan Williams; (3) that the property was of the reasonable market value of $953.50 at the time Sheridan Williams converted the same. As to these issues no further inquiry will be made by the trial court.

Reversed and remanded, with instructions as above.

### On Motion for Rehearing.

At a previous day of this term of court this cause was reversed, with instructions to the trial court, when the case is again called for trial, to render judgment for the defendants Nixon and Daniel and for the plaintiff against Sheridan Williams. Sheridan Williams and the appellee have filed motions for rehearing. Appellant's motion is overruled.

The motion of the appellee, asking that the judgment of reversal as to Sheridan Williams be set aside and the case affirmed as to him, is granted. It appears from an inspection of the judgment that the trial court rendered judgment in favor of the plaintiff against Sheridan Williams for $953.50, and also rendered judgment against Sheridan Williams and Russ Daniel, jointly, for $760.50. The judgment of the trial court in favor of W. H. Davenport against Sheridan Williams, in the sum of $953.50, is in all things affirmed. The judgment of the trial court in favor of Russ Daniel and Sheridan Williams for $760.50, in so far as it affects Russ Daniel, is reversed and rendered in his favor, and as the liability of Sheridan Williams on the $760.50 is the same item covered by the $953.50, the plaintiff is protected in all his damages in affirming the judgment rendered against Sheridan Williams. The action of the court in rendering judgment in favor of the defendant Nixon is affirmed.

The costs of this appeal are taxed one-half against the appellant, Sheridan Williams, and one-half against the appellee, W. H. Davenport.