**MITCHELL et al. v. EAGLE CREEK OIL CO.**
(No. 1766.)

(Court of Civil Appeals of Texas. El Paso.
June 11, 1925.)

**1. Sales ⬅5—Contract of hire, with promise to return property to owner, is a "bailment," and' not a contract of sale.**

A contract of hire of personal property, expressing or implying promise to return property to owner, is a bailment, and not a contract of sale.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Bailment.]

**2. Fraudulent conveyances ⬅36—Absolute property to well casings held, as to creditors and purchasers, with one in possession for over 2 years under lease, not recorded.**

Where a lessor of well casings was out of possession of such casings, and made no effort to regain possession for over 2 years from time lessee took possession under contract of lease, which was never put of record, held that transaction comes within Rev. St. art. 3969, and as to creditors and purchasers absolute property of casings is with the possession.

Appeal from District Court, Stephens County; C. O. Hamlin, Judge.

Action by the Eagle Creek Oil Company against H. W. Mitchell and others. Judgment for plaintiff, and defendants appeal. Reversed and rendered.

D. T. Bowles, of Breckenridge, and Houtchens, Clark & Harrington, of Fort Worth, for appellants.

James G. Harrell, of Breckenridge, for appellee.

WALTHALL, J. Eagle Creek Oil Company, a corporation, brought this suit against H. W. Mitchell to recover the title and possession of some 300 feet of oil well casing of which it claimed .to be the owner and entitled to its possession. Appellee took possession of the casing under sequestration proceedings, and Mitchell replevied.

Mitchell answered that he was an innocent purchaser from J. M. Gurley, for value, without notice. On August 24, 1921, by written contract appellee leased and delivered the casing to George M. Shanor for a period of 60 days next thereafter with the provision that he should return the casing at the expiration of the 60 days, with the agreement that the casing was to be used by Shanor in a certain well indicated in the writing. Shanor deposited a sum of money in the bank in escrow as a guaranty for the return of the casing at the end of the lease period, and to pay expense of drayage and pulling casing from the well. It was a further provision of the lease contract that Shanor should have the option of purchasing the casing at the price of $2.25 per foot, cash, provided the option was exercised at the end of the 60 days. Shanor took the casing under the lease, put it in the well indicated, did not return it, but on the 20th day of May, 1922, mortgaged the casing to J. M. Gurley, who later foreclosed the mortgage and purchased the casing at sheriff's sale on August 7, 1923. Appellee's lease to Shanor was never put of record. Mitchell had no notice of appellee's claim on the casing. Mitchell bought the casing from Gurley on September 27, 1923.

The case was tried without a jury, and judgment rendered in favor of appellee and against appellant Mitchell and his bondsmen in replevin for the sum of $884.55, found to be the value of the casing, less the sum of $63.20, found to be the reasonable expense of Mitchell for pulling the casing from the well.

**Opinion.**

Appellant presents two propositions:

"First. An innocent purchaser for value of personal property, held by the seller under a conditional sale, which is not filed of record, secures absolute title thereto.,

"Second. A contract of bailment not filed for record, whereby property is delivered to another, for a period of more than 2 years, comes within the statute of frauds as to innocent purchasers and creditors."

Appellee makes the contentions that the contract, as stated, is a bailment, and that the purchaser from the bailee, who has not had possession of the property for a period of 2 years, acquires no title, and a subsequent purchaser acquires no better title than his vendor.

[1] A contract of hiring personal property, expressing or implying a promise to return

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and redeliver the property to the owner, is a bailment, and not a contract of sale. Hamilton et al. v. Willing (Tex. Sup.) 11 S. W. 853; Lang v. Rickmers, 70 Tex. 110, 7 S. W. 527; Farmers' Nat. Bank v. Henderson (Tex. Civ. App.) 29 S. W. 562; McElwrath & Rogers v. Alexander (Tex. Civ. App.) 250 S. W. 1051, in which Mr. Justice Buck, speaking for the Fort Worth court, said:

"Where from the contract it appears that the party who receives possession of goods receives them under an agreement that he is to retain them for a definite period, and that if, at or before the expiration of that period, he pays for them, he is to become the owner, otherwise to pay for their use, the transaction is but a bailment. 3 R. C. L. § 7, p. 77. An essential feature of a bailment is the agreement to return the subject-matter of the bailment, either on demand or at the agreed time, or, if not returned, to account for the property to him- from whom the bailee has received it. 3 R. C. L. § 37, p. 114."

[2] The facts pertinent to the question of possession of the casing are as follows: Appellee leased and delivered possession of the casing to Shanor under the lease contract on August 24, 1921. Shanor mortgaged the casing to Gurley May 20, 1922, the mortgage reciting that the casing is to remain in the possession of Shanor; Gurley bought the casing at foreclosure sale August 23, 1923; Gurley sold to Mitchell September 27, 1923; suit was filed by appellee on November 10, 1923, and taken into the possession of the sheriff under sequestration proceedings on November 13, 1923. Thus appellee was out of possession of the casing, and with no effort to regain possession, for the period of about 2 years, 2 months, and 19 days from the time Shanor took possession under the contract of lease until the property was taken under sequestration.

Article 3969, R. S., invoked by appellant under his second proposition, reads:

"Where any loan of goods or chattels shall be pretended to have been made to any person with whom, or those claiming under him, possession shall have remained for the space of two years without demand made and pursued by due process of law on the part of the pretended lender; or when any reservation or limitation shall be pretended to have been made of a use of property, by way of condition, reversion, remainder or otherwise in goods and chattels, the possession whereof shall have remained in another as aforesaid, the same shall be taken as to the creditors and purchasers, of the persons aforesaid so remaining in possession, to be fraudulent within this chapter, and that the absolute property is with the possession, unless such loan, reservation or limitation of use of property were declared by will, or deed or other instrument in writing, duly acknowledged or proved and recorded."

Mitchell was holding possession in privity with Gurley and with Shanor. The statute

quoted is one both of limitation and of registration. We need not here elaborate upon its object and purpose, but will refer to the cases of Fowler v. Stoneum, 11 Tex. 478, 62 Am. Dec. 490, and Grumbles v. Sneed, 22 Tex. 565, in which Justices Wheeler and Bell each discuss the origin of the act, its purpose, and effect, and holding, as we understand that, where the period of possession of the personal effects as provided by the second or latter portion of the above statute shall have remained with the purchaser without demand made and pursued by due process of law, the absolute property in the thing so possessed is with the possession, unless such disposition, reservation, or limitation of use of the property is declared in writing, proved, and recorded. See, also, Hastings v. Kellogg et al. (Tex. Civ. App.) 36 S. W. 821; William v. Davenport et al (Tex. Civ. App.) 212 S. W. 675; City National Bank v. Tufts, 63 Tex. 113, having reference to conditional sales, in which the buyer acquires a defeasible interest, and with us a chattel mortgage. The casing here was not a loan to Shanor, but we think the transaction comes within the provision of the latter portion of the article above quoted, if the article has application to the facts here.

It is the only statute that seems to fit the facts of this case. As said by Judge Stayton in City National Bank v. Tufts, in speaking of the quoted article of the statute:

"It covers cases in which one person places goods or chattels belonging to him, in the possession of another, when there is nothing of record to show that such possessor is not what his possession would indicate—the real owner, though the possession be given really with an intention, or even an agreement between the parties, that the right to use or hold shall terminate on the performance or nonperformance of certain acts which may be in their nature conditions or limitations on which depend the further right of the person in possession to use or hold the thing possessed. The first clause of the statute provides the period of two years as the time which shall be required, in the absence of the proper record, to give to creditors of and purchasers from the possessor such protection as they would have if the thing really belonged to the possessor; and to this period of possession the words, 'shall have remained as aforesaid,' used in the second clause, refer, for the purpose of determining when, under the second clause of the section, in favor of creditors and purchasers, it shall be taken that the absolute property is with the possession."

We think the period of possession would begin with the delivery of the casing to Shanor and end when appellee had put in operation the "due process of law," in this case the filing of his suit and sequestration to recover possession of the property.

The case having been fully developed, the judgment of the trial court is reversed, and here rendered for appellant.