# Gregg Township *against* Half-Moon Township.

A contract that one shall provide a shop, loom and tackle, the other shall perform the labour of weaving, and each shall receive one-half the profits, constitutes a partnership, but not a hiring, within the statute, such as will charge the township with the maintenance of the labourer as a pauper, when he becomes chargeable.

APPEAL by Gregg township from the decision of two justices removing a pauper from Half-Moon township.

Thomas Turner became chargeable to Half-Moon township as a pauper, and by an order of two justices was removed to Gregg township, Centre county. Gregg township appealed to the quarter sessions, where it appeared that Turner had gone to Gregg township, and there made a contract with John Goldman that he should provide a shop, loom and tackle for weaving, and that Turner should do the labour, and that each should have one-half the profits. This contract was carried on for more than a year, and at the end of the time Turner received one-half of the money collected and one-half of the accounts outstanding, and by a subsequent arrangement, Goldman advanced the money to Turner for his accounts. The court below (Burnside, president) was of opinion, that this was not such a hiring as would make Gregg township chargeable with the pauper, and quashed the order of the justices.

*Blanchard,* pro querente, cited, *Doug. Rep.* 333; 1 *East's Rep.* 656 ; 8 *Term Rep.* 236; 3 *Burn's Jus.* 349; *Burr. Se. Cas.* 299, 502.

[Gregg Township v. Half-Moon Township.]

*Potter*, contra, cited, *Lewin on Sett.* 138; 5 *Term Rep.* 506.

PER CURIAM.—It is not pretended that the hiring, renting, or payment of taxes, gave the pauper a settlement while he lived with Ream; and the question is whether there was a hiring of him within the statute while he lived with Goldman. He worked with Goldman as a weaver for more than a year, on peculiar terms. Goldman found the shop, loom and tackle; the pauper found the labour: and the parties shared the produce of the whole by dividing between them not only the cash on hand but their debtors. So far the facts constitute a partnership, but no hiring. At the period of its dissolution, the pauper complained of the hardship of waiting to collect the debts, and Goldman paid him the amount in cash, on an agreement that he would contribute to whatever losses they should be found to have suffered in the process of collection. What was there in that to change the nature of the contract or the relation of the parties, if, indeed, either could be changed so as to charge the township? So far was the second contract from being inconsistent with the partnership, that it was a direct affirmance of it, being a sale of the pauper's share of the joint effects. There was nothing in the evidence, therefore, to warrant the order of the justices settling the pauper on the appellant.

Order of the quarter sessions affirmed.