## Denithorne *versus* Hook.

1. One cannot be fixed with liability as a partner on the ground that he has been held out as a partner unless two things occur : First, the alleged act of holding out must have been done either by him or by his consent. Second, it must have been known to the person seeking to avail himself of it.

2. A contract by two parties to perform a particular piece of work is not in itself a contract of partnership *inter se.* The contract is not competent evidence to fix the liability of one as a partner, unaccompanied by evidence that the plaintiff knew of its existence and gave credit upon the faith of it.

March 3d, 1886. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas, No. 3, of *Berks county :* Of January Term, 1885, No. 372.

Appeal by Richard Denithorne and James Denithorne, against whom the action was brought as Denithorne & Brother, from a judgment of a Justice of the Peace in favor of George W. Hook & Brother. Plea, non assumpsit, payment with leave, &c.

The defendants filed an affidavit denying the partnership, and this was the only question contested. On the trial of the case before SASSAMAN, J., the following facts appeared :

In 1883 the Brooke Iron Company invited proposals for the construction of a storage reservoir in Birdsboro'. Among the bids put in was one in the name of a firm, "Denithorne Brothers," which was accepted. This firm was composed of John Denithorne and James Denithorne, one of the defendants. Isaac Kasson, an engineer, who prepared the specifications, and subsequently supervised the work for the Brooke Iron Company, and to whom Richard Denithorne (a brother of John and James) was known as a contractor, did not know of John Denithorne, and of James only by his letter making the bid in the name of " Denithorne Brothers," a firm Kasson supposed to consist of James and Richard. A contract was prepared by Kasson, or under his direction. It was drawn between the Brooke Iron Company and " Denithorne Brothers,"

the individuals composing the firm not being named. A bond accompanied the contract, in which, following the engineer's mistake, the name of Richard was inserted as that of one of the partners. The papers were sent to James Denithorne for execution. He notified the engineer of the error, and it was then represented to Richard that as the papers were completely drawn, and as he had agreed to become James's surety for the proper performance of the contract, his signing them, in their present shape, with James, would answer that purpose, and would make no difference as to his actual relation to the matter. He therefore executed them.

About four weeks after the firm of Denithorne Brothers dissolved, John retired, and James went on with the work.

Before the completion of the reservoir James failed and Richard took up the work and finished it.

During the progress of James's work the plaintiffs' firm, among others, furnished certain goods used in and about the construction of the reservoir, cashed a check drawn by James Denithorne to an employee, and an order for goods in payment of wages—all of which remained unpaid at the time James failed and Richard came upon the ground. It was to recover these sums that the action was brought.

During the trial the plaintiffs offered in evidence the agreement between the Brooke Iron Company and Richard and James Denithorne, trading as Denithorne Brothers, for the construction of a reservoir at Birdsboro', to be followed by proof that Denithorne Brothers constructed said reservoir under said contract, and that the plaintiffs furnished goods to the said Denithorne Brothers for the construction of said reservoir by said Denithorne Brothers. The evidence was offered as part of plaintiffs' case to show the liability of the defendants for the said goods furnished.

Objected to by the defendants. 1. As irrelevant, showing a contract entered into by Denithorne Brothers, which firm is not a party to this action. 2. Being an offer to prove a constructive partnership between Richard and James Denithorne, it must be accompanied or followed by proof of knowledge of the instrument and the facts sought to be proved by it on the part of the plaintiffs, and that they acted upon and were misled by that knowledge.

THE COURT: It may be taken that the difference between the firm name of defendants of record and the parties of second part of agreement, so far as this offer is concerned, is not material, if in the proof to be submitted will show that the parties are actually the same. The agreement offered would be evidence of actual partnership as their declarations, having signed the paper offered.

2 AMERMAN—16

The offer is admitted and bill sealed for defendant.

Verdict for the plaintiffs, and thereupon judgment; whereupon Richard Denithorne took this writ, assigning for error, *inter alia,* the admission of the said agreement.

*H. H. Gilkyson* (*G. A. Endlech* with him), for plaintiff in error.—The admissions or declarations of a party sought to be held as a partner are not substantive and independent proof of actual partnership, for if they were competent to establish that, plaintiff's knowledge would be immaterial; but that admissions, standing alone, are receivable only on grounds creating an estoppel—for the purpose of making which effective the knowledge of the party asserting it is, of course, indispensable. The latter requisite is emphatically stated by PARKE, J., in Dickinson *v.* Valpy, 10 B. & C., 140 (21 E. C. L. R., 63); Vice *v.* Anson, 14 E. C. L. R., 63, 190; Fox *v.* Clifton, 19 Id., 347; Wright *v.* Powell, 8 Ala., 560; Wood *v.* Pennell, 51 Me., 52; Burgan *v.* Cahoon, 1 Penny. 320.

*Frank R. Schell,* attorney for defendants in error, being dead, there was no oral argument for defendants; their paper book was submitted. Although a creditor may never have known that one was a partner, and therefore never have given any credit to the firm on that account, yet when the fact is discovered he can be held in law for the firm's debt. The reason is obvious. A man shall not be permitted to share the profits of a business, if prosperous, and escape all liability if it is unprofitable. So in our case, Richard Denithorne is estopped from denying that he was a partner.

Mr. Justice PAXSON delivered the opinion of the court, April 12th, 1886.

The only question contested in the court below was whether a partnership existed between the defendants Richard Denithorne and James Denithorne. The plaintiffs sued them as partners trading as Denithorne & Brother, and to sustain the issue on their part offered in evidence, under objection, an agreement in writing between the E. & G. Brooke Iron Company of the one part and Denithorne Brothers of the other part, for the construction of a certain storage reservoir. This agreement was signed by Richard Denithorne and James Denithorne. This paper was offered as evidence of the partnership, " to be followed by proof that Denithorne Brothers constructed said reservoir under said contract, and that the plaintiffs furnished goods to the said Denithorne Brothers for the construction of said reservoir by Denithorne Brothers."

This offer was objected to by the said defendants for the

following reasons : 1. As irrelevant, showing a contract entered into by Denithorne Brothers, which firm is not a party to this action ; and 2. Being an offer to prove a constructive partnership between Richard and James Denithorne, it must be accompanied or followed by proof of knowledge of the instrument, and the facts sought to be proved by it, on the part of the plaintiffs, and that they acted upon and were misled by that knowledge.

The agreement was admitted by the learned court as the declarations of the parties that a partnership existed between them, to which ruling the defendants excepted. This raises the only question in this record which requires discussion.

We are of opinion that this evidence was improperly received. The paper itself was an agreement between the defendants and strangers to this suit. It was a contract to perform a particular piece of work, and was not in itself a contract of partnership *inter se.* If so at all it was only so inferentially. It was at most the declarations of the defendants from which an inference of a partnership might perhaps be drawn, and was no more than holding themselves out to the world as partners in the absence of an actual partnership relation. In such cases it is settled by abundant authority that before a party can charge the alleged firm, or a person who has been held out to the world as a partner, that the party seeking to charge them has had knowledge of such fact and given credit upon the faith of it. In Burgan *v.* Cahoon, 1 Pennypacker, 320, it was said by the court below, and affirmed by this court, that " the evidence from which you would have to find that he has so held himself out and acted as a partner must be his acts in connection with the circumstances that were known to the plaintiffs when they gave him credit, and not only must his acts have been such as to justify a reasonable belief that he was a partner, but to hold him on that account you must further find, as a matter of fact, that they gave him credit as such, because, if they did not, his holding himself out as a partner would do them no harm." This proposition of law is accurately stated and is sustained by abundant authority. The rule is thus given in Collyer on Partnerships, vol. 1, § 19: " No person can be fixed with liability on the ground that he has been held out as a partner, unless two things occur, viz., First, the alleged act of holding out must have been done either by him, or by his consent ; and secondly, it must have been known to the person seeking to avail himself of it." In Dickinson *v.* Valpy, 10 B. & C., 140, it was said by PARKE, J.: " If it could have been proved that the defendant had held himself out to be a partner, not to the world, for that is a loose expression, but to the plaintiff himself, or

under such circumstances of publicity as to satisfy a jury that the plaintiff knew of it and believed him to be a partner, he would be liable to the plaintiff in all transactions in which he engaged and gave credit to the defendant, upon the faith of his being such a partner." See also Wood *v.* Pennell, 51 Me., 52; Vice *v.* Anson, 7 B. & C., 409; Wright *v.* Powell, 8 Ala., 560. . It is useless to multiply authorities. We regard this as settled law.

Had the offer of this agreement been accompanied by a further offer to show that the plaintiffs knew of its existence at the time they sold the goods in question, and acted upon the faith of it, we are of opinion that it would have been competent. But there was neither allegation nor proof of such a state of facts, and outside of this paper there was no evidence of the partnership to submit to the jury, while the defendants' evidence was strong that no such partnership existed in fact, and that the paper was never intended to create one. In this view of the case the remaining assignments of error are not deemed material.

Judgment reversed.