W. E. LEATH v. D. J. UTTLEY ET AL.

(Case No. 5681.)

1. PERSONAL PROPERTY—CONDITION PRECEDENT—One who has not performed a condition precedent to the accrual of his title to personal property, having no title, can convey none even to a purchaser without notice.

APPEAL from Clay. Tried below before the Hon. B. F. Williams.

This was an action for the recovery of personal property. The petition of appellant, filed in the county court of Clay county, alleged title and right of possession to an omnibus and harness, valued at $475, and sought to recover the same from D. J. Uttley. The county judge being disqualified, the case was transferred to the district court.

W. J. Lemp was made party defendant, having purchased the prop-
erty of D. W. McMullen, and sold it, with warranty, to defendant,
Uttley. The answer of defendants contained a general denial, a
special plea, alleging that W. J. Lemp was a purchaser in good faith,
without notice, a plea in reconvention asking damages of plaintiff for
wrongfully suing out a writ of sequestration, and a plea asking
damages of defendant, Lemp, on his warranty of title. Plaintiff
excepted to and denied all the allegations of the answer of defendants.
The case was tried by the court and resulted in a judgment for
defendants, and for defendant Uttley for $58.00 damages under his
plea in reconvention.

*Swan & Bomar* and *W. O. Davis*, for appellant, cited : City Nat.
Bank *v.* Tuft, 63 Tex., 113; Sinker, Davis & Co. *v.* Comparet, 62 Tex.,
474; Hatch *v.* Oil Co., 100 U. S., 124; 1 Benjamin on Sales, 366;
Jones on Chattel Mortgages, 276; Jones *v.* Banks, 1 Tex. Ct. Rep., 582;
Dunn *v.* Elser, Tex. Law Rev., 620; Case *v.* Jennings, 17 Tex., 662;
Dodd *v.* Arnold, 28 Tex., 98; McKamey *v.* Thorp, 61 Tex., 652.

*E. W. Terhune* and *Plemons, Hazlewood & Templeton,* for appellees,
cited: Raliegh *v.* Cook, 60 Tex., 440; Jones on Chattel Mortgages,
1-16; Brothers *v.* Mundell & Munzesheimer, 60 Tex., 242: Schouler
on Personal Property, 543; R. S., 4304, 4308, 4329, 4342, 4566.

ROBERTSON, ASSOCIATE JUSTICE.—Leath & McMullen were the
owners of a "bus," two horses and harness. In February, Leath sold
to McMullen his interest in this property on terms not complied with
by the purchaser. On April 2, 1884, McMullen having had possession in
the meantime, a new trade was made. The horses became absolutely
the property of McMullen, and the "bus" and harness were to
become his if a note for $372.75, then taken by Leath, was paid at
maturity, December 15, 1884, by McMullen. If this note was not
paid, then it was agreed between the parties, verbally and in writing,
that Leath should have the "bus" and harness in satisfaction of the
note. The parol testimony, substantially uncontradicted, was, in
effect, that at the April trade the property was partitioned, the "bus"
and harness becoming the exclusive property of Leath, if the note
should not be paid. The written agreement, excluded on the trial,
did not contradict, but strongly corroborated, this theory. Against
this was nought but the inability of McMullen to remember those
features of the trade favorable to Leath. There is nothing to distin-
guish the case from City Nat. Bank *v.* Tuft, 63 Tex., 113. McMullen
did not pay the note, the payment of which was a condition prece-

dent to the accrual of his title. The property he sold to Lemp belonged to Leath. Uttley acquired no greater right than Lemp had, by his purchase from Lemp. That Lemp had no notice of Leath's claim does not affect the latter's title. Bank v. Tuft, *supra*.

Counsel for appellees state in their brief that there is no order in the record authorizing the statement of facts to be filed in vacation. In this they are mistaken.

The case was tried by the court without a jury. The judgment below is reversed and the cause will be remanded, with instructions to the court below to render judgment for the plaintiff in accordance with this opinion, and to dispose of the issue between the defendants upon a re-trial of the case as to Lemp's warranty.

It is so ordered.

REVERSED AND REMANDED.

[Opinion delivered June 4, 1886.]