# Bradly *v.* Jennings, Appellant.

201      473
28 SC   576
201      473
30 SC ¹ 20

*Partnership—Sharing of profits on sale of land—Agent.*

Where three persons enter into an agreement by which a tract of land owned by one of the parties is to be divided into building lots and sold, and the profits over and above the price which the owner had paid for it, are to be divided amongst the three share and share alike, the agreement constitutes a partnership; and if the husband of one of the parties acts as general agent and treasurer of the operation, he may be made a party defendant in a bill in equity for an accounting, filed against his wife and another of the parties to the agreement by the third party.

*Partnership—Account.*

Where a prima facie right to an account is shown by the pleadings, the defense that there will be no balance due plaintiff is not sufficient to prevent an accounting.

Negligence of plaintiff in the management of the joint venture will not defeat the right to an accounting.

Argued Jan. 6, 1902. Appeal, No. 63, Jan. T., 1901, by defendants, from decree of C. P. No. 2, Phila. Co., Dec. T., 1897, No. 1218, on bill in equity in case of Margaret Bradly v. Eliza T. Jennings and Charles B. Magee and William J. Mullin, Executors of Caroline C. Leetch, Deceased, and John W. Jennings. Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Bill in equity for an account.

Sulzberger, J., filed an opinion inter alia as follows:

It appears that on June 4, 1888, Caroline C. Leetch, Margaret Bradly and Eliza T. Jennings entered into an arrangement by writing (Exhibit A of the bill) whereby the net profits of the sale of certain land belonging to the said Caroline C. Leetch should be equally divided among them. The consideration which induced Caroline C. Leetch to admit the other two as partners in the profits of selling her land are not set forth in the agreement.

The bill avers as explanation that the plaintiff's husband, William Bradly, was a real estate broker, that John W. Jennings, one of the defendants and husband of Eliza Jennings,

the defendant, was an attorney at law and real estate agent; that they learned that the land in question, which was owned by one ,Joseph La Fevre, was for sale, that it could be bought for a cash payment of $4,400 on account of the purchase money and $100 for expenses, subject to mortgages aggregating $9,835; that they believed it ripe for sale at a profit for building lots, and they suggested that if Mrs. Leech would supply the money they would manage the advertisement and sale, provided they could each get for their wives one third of the profit.

There is nothing in the answers that substantially contradicts this version, the main defense against an account being that the plaintiff's husband was negligent in the performance of the duty devolving upon him.

The arrangement between the defendants though confined to a series of transactions arising out of the sale of one tract of land is in all essential respects a contract of partnership.

In the case of Gregg Township v. Half Moon Township decided in 1834 (2 Watts, 342), it was held that a contract that one shall provide a shop, loom and tackle, the other shall perform the labor of weaving and each shall receive one half the profits constitutes a partnership.

In Sims v. Willing, decided in 1822 (8 S. & R. 103), where a cargo was purchased by three persons in separate portions, and was managed and sold on joint account, all equally participating in the profit and loss, they were held to be partners.

And the decision in that case was cited with approval by the Supreme Court in Shafer & Martin v. Randolph, decided in 1881, 99 Pa. 253.

The rule laid down in Brubaker v. Robinson, 3 P. & W. 295, and often reiterated that where there is a purchase of a tract of land by individuals and a sale of it again for their mutual benefit, assumpsit may be maintained, is not applicable where land is to be divided into many parts and the respective parts sold to various persons for various uses and at different times. In such a case the parties need an account and are entitled to it.

Nor does the fact that one person owns all the capital prevent the formation of a partnership.

This was laid down in 1820 by Chief Justice TILGHMAN in

Purviance v. McClintee, 6 S. & R. 261, and has been adhered to ever since.

As to the nature of the partnership, Gibbs's Estate, 157 Pa. 70, and Tully v. Felton, 177 Pa. 344, are in point.

If, however, we were to adopt the theory that the relation between the parties to the writing of June 4, 1888, was not one of partnership, this conclusion would not necessarily defeat the plaintiff.

Wherever relief can be more easily administered in equity as in a case wherein the facts from which the account must be made up rest almost exclusively in the knowledge of the respondent, a court of equity has jurisdiction to decree an account: 5 Pepper & Lewis's Dig. of Dec. 8774.

So also where the accounts are complicated, or there is a community of interest in a common enterprise, with all the funds in the hands of one of the parties: 5 Pepper & Lewis's Dig. of Dec. Col. 8774, No. 1122; Tully v. Felton, 177 Pa. 344.

And as to the defendant, John Jennings, the bill will lie on the ground of agency merely: Bank of United States v. Biddle, 2 Parsons, 31; Persch v. Quiggle, 57 Pa. 247.

The principal prayers of the bill are for discovery and account. Hence a preliminary question arises as to whether an account is now demandable.

The rule on this subject is well settled. If there are facts admitted by the answer and responsive to the bill sufficient to entitle the plaintiff to the preliminary decree for an account, he is not obliged, by having put in a replication, to bring further evidence to sustain his claim to have an account taken. He may use the defendant's admissions for that purpose: Koons v. Bute, 2 Phila. 170; Hengst's Appeal, 24 Pa. 413; Collyer v. Collyer, 38 Pa. 257.

The next contention of the defendants that an accounting would show no balance in plaintiff's favor impliedly admits the duty to account, but declares it to be unnecessary.

Such a defense is inadmissible.

The only other ground, to wit, that the plaintiff's husband was negligent, is equally unsound. If there were a provision in the contract that the effect of the negligence of plaintiff's husband would be to dissolve the plaintiff's relation and for-

feit her interest, there would be some substance in it.  On the pleadings and evidence, however, the only result of William Bradly's negligence is his liability to answer in damages to those whom he has injured.

Even if the negligence averred had been the plaintiff's own and the contract had provided for a forfeiture, merely pleading it in the answer would not suffice to defeat the plaintiff : Patterson v. Silliman, 28 Pa. 304, 313.

On the whole case we are of opinion that the plaintiff is entitled to an accounting from the said defendants.

*Error assigned* was the decree of the court.

*Bradbury Bedell*, for appellants.—Mere participation in the profits of a business does not constitute a partnership between the parties to the transaction.  There must be a sharing in losses as well as in profits : Ruddick v. Otis, 33 Iowa, 402; Pattison v. Blanchard, 5 N. Y. 186 ; Lowry v. Brooks, 2 McCord, 421 ; Edwards v. Tracy, 62 Pa. 374 ; Wild v. Davenport, 48 N. J. L. 129 ; Miller v. Bartlet, 15 S. & R. 137 ; Dunham v. Rogers, 1 Pa. 255 ; Ryder v. Jacobs, 182 Pa. 624.

Whether a sharing of the profits constitutes a partnership depends upon the nature of the contract and the real consideration upon which the money is received : Parker v. Canfield, 37 Conn. 250.

A power of disposition over the property of the business is an important test as to the existence of a partnership : Hunt v. Erikson, 57 Mich. 330 ; Cox v. Delano, 3 Dev. (N. C.) 89 ; Farmers' Ins. Co. v. Ross, 29 Ohio, 429; Whitney v. Ludington, 17 Wis. 145.

And where the party has not this power the intention not to become partners will beinferred : Dwinel v. Stone, 30 Me. 384 ; Braley v. Goddard, 49 Me. 115; Newberger v. Friede, 23 Mo. App. 631 ; Musser v. Brink, 68 Mo. 242 ; 80 Mo. 350 ; Conklin v. Barton, 43 Barb. 435 ; Voorhees v. Jones, 29 N. J. L. 270; Kellogg v. Griswold, 12 Vt. 291 ; Clark v. Smith, 52 Vt. 529.

Sharing profits as compensation for services as agent, manager, broker, or other person acting in a fiduciary capacity, is

inconsistent with the idea of a joint ownership: Dale v. Pierce, 85 Pa. 474; Raiguel's App., 80 Pa. 234; Dunham v. Rogers, 1 Pa. 255; Miller v. Bartlet, 15 S. & R. 137; Ryder v. Jacobs, 182 Pa. 624.

*James E. Hood,* for appellee.

PER CURIAM, February 24, 1902:

The decree in this case is affirmed on the opinion of Judge SULZBERGER.