## Simpson *v.* Summerville, Appellant.

*Equity—Accounts—Remedy at law.*

A bill in equity for an account will be sustained as the proper remedy where it appears that four separate actions of assumpsit might be necessary for the final adjustment of the matters in dispute involved in the litigation. A partnership is formed by the purchase and sale of leaseholds and a division of the proceeds.

Argued May 8, 1905. Appeal, No. 143, April T., 1905, by H. E. J. Putney, from decree of C. P. Armstrong Co., June T., 1903, No. 196, on bill in equity in case of Joseph W. Simpson v. H. B. Summerville and H. E. J. Putney. Before BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Bill in equity for an account.

PATTON, P. J., found the facts to be as follows:

1. In 1901, H. B. Summerville made an agreement with Joseph W. Simpson, the plaintiff, that if he (Simpson) would sell certain oil leases that he might have the proceeds thereof

over and above fifty cents per acre, which said amount of fifty cents per acre was to be paid by Simpson to Summerville for the leases.

2. In October, 1901, Simpson met H. E. J. Putney, the other defendant, and entered into an agreement with him by which Putney was to sell the leases mentioned in the first finding of fact, for $1.00 per acre, Summerville to receive out of the proceeds fifty cents per acre, Simpson twenty-five cents per acre and Putney twenty-five cents per acre. About February 1, 1902, the plaintiff and defendant mutually agreed that this agreement should be changed and that each of the parties should receive one-third of the profits arising from the sale of the leases. In pursuance to this arrangement, and with the consent of the plaintiff and defendants, all of these leases were assigned to Putney, absolutely on their face, so that he could more easily dispose of them to an intended purchaser. This assignment was made on October 17, 1901.

3. H. E. J. Putney reported to Simpson and Summerville, that the Pittsburg Plate Glass Company would purchase these leases and that " they wanted everything in sight." At the suggestion of Putney, Simpson and Summerville proceeded to take other leases, and succeeded in getting leases upon about 5,500 acres of land (including the 2,800 acres). Many of these leases were taken by them in the name of H. E. J. Putney upon his suggestion that if so taken it would save the trouble of a transfer. These leases were turned over to Putney and by him to the Pittsburg Plate Glass Company.

4. The Pittsburg Plate Glass Company accepted from H. E. J. Putney oil and gas leases covering 3,760 acres, part of the same being part of the 2,800 acres mentioned in the first finding of facts and part of the 5,500 acres mentioned in the third finding of facts.

5. On February 19, 1902, the Pittsburg Plate Glass Company paid H. E. J. Putney $3,426 on account of said leases, and on April 22, 1902, paid him $334, the balance, making in all $3,760 paid him for the 3,760 acres.

6. About February 19, 1902, the defendants, Putney and Summerville, met and divided the $3,426, each taking $1,400, and Putney sending a check to Simpson for $626. Simpson refused to receive the check. This attempted division of the

profits was the arbitrary act of Putney.   It was not according to the terms of the agreement.   He does not attempt to justify his conduct in thus breaking faith with his partners.   It was the arbitrary conduct of a man who, having obtained possession of the money belonging to himself and others, divided it as he saw fit, without regard to right or law.

7.  As to the $334 received by Putney on April 22, 1902, he never notified Simpson that he received it, and he holds Simpson's one-third interest thereon wholly without authority.   He has never accounted for it or shown any reason why he should not account for it.   The conduct of said Putney throughout the entire transaction has been of bad faith toward Simpson. He does not go upon the witness stand himself or call any witnesses on his behalf, or in any manner attempt to justify his conduct.

The court held that equity had jurisdiction and decreed an account against Putney.

*Error assigned* was the decree of the court.

*W. J. Christy*, of *McCain & Christy*, and *Orr Buffington*, for appellant.—There was an adequate remedy at law : Graham v. Cummings, 208 Pa. 516 ; Sprigg v. Trust Co., 206 Pa. 548 ; Howell v. Kelly, 149 Pa. 473 ; Cleveland v. Farrar, 4 Brewster, 27.

*Ross Reynolds*, with him *M. F. Leason*, for appellee, cited : Bradly v. Jennings, 201 Pa. 473 ; Crow v. Green, 111 Pa. 637 ; Holbert v. Herrick, 171 Pa. 25 ; Harrington v. Florence Oil Co., 178 Pa. 444; Tully v. Felton, 177 Pa. 344; Bierbower's App., 107 Pa. 14; Adams' App., 113 Pa. 449.

OPINION BY SMITH, J., January 13, 1905 :

This bill in equity was brought to enforce rights arising under a tripartite agreement and is demurred to.   In support of the demurrer want of equitable jurisdiction and an adequate remedy at law are set up.   Courts are open to litigants for the lawful redress of grievances and for this purpose complaints must be heard.   When not fixed by law or by agreement of the parties, the court may designate the manner.   The right

to be fully heard by a competent tribunal is the essential thing, the form of the action, if adequate to the needs of the case, is of lesser importance. Whether the case shall be heard by a bill in equity or by an action of assumpsit is for the court to decide. The remedy must meet the requirements of the case and, generally, this suggests the appropriate form of action.

This bill was sustained by the chancellor because " it would be impossible to work out the equities of the parties through the medium of an action of assumpsit." While in some respects this case may seem close to the dividing line, we think it clear that a bill in equity is the proper form of remedy, and affords ample opportunity to reach the conflicting questions arising. The contention of the appellant is that an action of assumpsit is proper and sufficient. Four separate actions of assumpsit might be necessary for the final adjustment of all the claims arising under this tripartite agreement. It required the purchase and sale of many leaseholds and a division of the profits, and this constitutes a partnership : Bradly v. Jennings, 201 Pa. 473. The parties having failed to agree on the manner of distribution, it was within the power of a court of equity to do this for them.

On the argument here the power of a court of equity to hear the case and make the decree was the only matter presented and as we find that court had the jurisdictional power, the decree is affirmed.

---

NOTE.—The foregoing opinion and order were written by Judge Smith during his term of office as a member of the Superior Court, the cases having been duly assigned to him for that purpose, and were adopted and filed as the opinion and order of the court on Jan. 13, 1906. REPORTER.