## Thompson *v.* Piot et al., Appellant.

*Partnership—Proof of—Affidavit of defense—Rule of court—Partnership in particular transaction.*

1. In an action against partners for goods sold and delivered where it appears that a rule of court provided that a defendant sued as a partner, must in his affidavit deny the existence of the partnership, an affidavit by one of the defendants that he never was a partner of the other defendant, and that he never as a partner or individual received the goods referred to in the statement, is sufficient to place upon the plaintiff, at the trial,· the burden of proving the partnership alleged in the statement.

2. In an action against two persons alleged to be partners for goods sold and delivered for a building operation, where the proofs show that one of the defendants was to furnish the materials and the other the labor, and that the first defendant was to collect the money from the owner and pay for the materials and labor as well, and that any surplus was to be divided between the two defendants, a request for binding instructions in favor of the second defendant will be dismissed, where it appears that some of the material was received and used in the operation in question.

Argued Oct. 17, 1912.   Appeal, No. 65, Oct. T., 1912, by Antonio Fiorella, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1908, No. 4,667, on verdict·for plaintiff in case of Charles J. Thompson, trading as Keystone Lime & Coal Company, v. Frank Piot and Antonio Fiorella, trading as Piot & Fiorella.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ.   Reversed.

Assumpsit for goods sold and delivered for a building operation.   Before McMICHAEL, P. J.

At the trial the court charged, inter alia, as follows:

[Mr. Matthews has raised the point whether there is a denial of the partnership in the affidavit of defense. There is this allegation in the affidavit of defense.

This deponent alleges that he never was a copartner of Frank Piot in any way whatever, concerning the purchase of any goods whatever from the said plaintiff; that

neither he, nor Frank Piot as members of a copartnership, ever received or accepted any of the goods or merchandise set forth in the plaintiff's statement of claims. And then he goes on to say, that he never received them. I do not know whether I would characterize that as evasive, but it is not quite clear, whether it is an expressed denial that a partnership existed as to the subject-matter of the action, or whether it is a denial that they were partners concerning the purchase of goods, and taken alone without anything else in the affidavit, it is a little hard to understand. But when we come to consider it with the rest of the affidavit, I have reached the conclusion, and you will take the law from me subject to review hereafter, that that does not deny the partnership under the rule of court; it is simply a denial that they were copartners in no way whatever concerning the purchase of any goods whatever from the said plaintiff. Because, the defendant in his affidavit sets forth a contract which I am not going to read in full, but which recites as follows:

"This agreement made the twentieth day of April in the year nineteen hundred and six (1906) by and between Frank Piot and Tony Fiorella, trading as Piot and Fiorella, party of the first part; P. J. McDevitt, party of the second part."

I am not going into what the agreement was. It had to do with the building of a house, but in this agreement they say, "trading as Piot and Fiorella." So that when you take that contract between Piot and Fiorella and McDevitt, which the defendant himself has put in evidence, and take that with his denial, his denial in my opinion, subject to review, does not come up to the positive and substantial denial which the rule of court requires, that there was a partnership existing.

I have examined that contract with some care, and taken by and large, the contract seems to show that Piot and Fiorella were engaged together, and engaged as Piot and Fiorella just as they are sued in the building of a house.

I am of opinion that the affidavit of defense should have used positive language that there was no partnership existing. As I say, I will not characterize the language as evasive, but under the rule of court, the denial is not clear that they were not in partnership concerning the purchase of these goods. Under the law, the book account which was filed charges these two men as partners, that is prima facie proof of the plaintiff's case, and the trial judge is of the opinion that the affidavit of defense does not specifically deny the partnership taken by and large, in all its four corners, it is not a sufficient denial of the partnership. [1]

Defendant presented this point:

1. The jury are instructed to find a verdict in favor of the defendant.

The Court: I decline that request for binding instructions and give the defendant an exception. [2]

Verdict and judgment for plaintiff for $342.97. Antonio Fiorella appealed.

*Errors assigned* were (1, 2) above instructions, quoting them.

*William A. Glasgow, Jr.,* with him *Trevor T. Matthews,* for appellant, cited: Denithorne v. Hook, 112 Pa. 240; Dannels v. Fitch, 8 Pa. 495; Keller v. Swartz, 137 Pa. 65; Coe v. Cook, 3 Whart. 569; Burgan v. Cahoon, 1 Penny. 320.

*Francis S. Cantrell, Jr.,* with him *Francis S. Cantrell,* for appellee, cited: Molony v. Benners, 3 Grant, 233; Gregg Township v. Half Moon Township, 2 Watts, 342; Sims v. Willing, 8 S. & R. 103; Bradly v. Jennings, 201 Pa. 473.

OPINION BY PORTER, J., February 27, 1913:

The plaintiff brought this action of assumpsit to recover of the defendants, as partners, for certain building

materials alleged to have been delivered to them in their partnership business. He recovered a verdict and judgment in the court below and the defendant Fiorella appeals.

The first specification of error is founded upon that part of the charge of the court which instructed the jury as to the burden of proof, with regard to the existence of a partnership relation between the defendants, as affecting the liability of the defendant Fiorella. There was no evidence that Fiorella had ordered any of the material in question, nor did the evidence clearly disclose whether he had actually received any of the said material. If Fiorella was to be held liable, it was upon the ground that Piot was authorized to bind him in this transaction. This being the case the burden was upon the plaintiff, in the absence of any rule of court, to produce evidence warranting a finding that the relation between the defendants was such as to authorize one to bind the other with regard to the subject-matter of this contract. The court below, upon this point, has the following rule: "In actions by or against persons charged as partners, it shall not be necessary for the plaintiff, on the trial, to prove the partnership, but the same shall be taken to be admitted as alleged on the record, unless one or more of the defendants, . . . . by affidavit filed at or before the time of filing his or their plea, shall have denied the existence of the partnership in relation to the subject-matter of the action, and stating, to the best of his or their knowledge and belief, whether there is any such partnership and who are the parties to it." The affidavit of defense contained the following distinct averment: "This deponent alleges that he never was a copartner of said Frank Piot in any way whatever, concerning the purchase of any goods whatever from the said plaintiff, that neither he nor Frank Piot, as members of a copartnership, ever received or accepted any of the goods and merchandise set forth in the plaintiff's statement of claim, and further this deponent says that, as an individual, he never received and accepted any goods, wares or

merchandise from the said Charles J. Thompson in any way concerning the erection and construction of the said building, and he did not receive, individually or otherwise, any of the goods set forth in the plaintiff's statement of claim." The learned court instructed the jury that, under the rule of the court, "the denial is not clear that they were not in partnership concerning the purchase of these goods;" and that as the copy of the book account filed with plaintiff's statement charged the defendants as partners that was prima facie proof of the plaintiff's case. It is important here to observe that the question is not as to the meaning of the rule of court and does not involve the right of a court to interpret its own rule, which interpretation will not be reversed unless for manifest error. The question is as to the interpretation of this affidavit of defense. We cannot concur in the construction put upon the affidavit of defense by the court below. The rule of court requires that a defendant, sued as a partner, in order to place upon the plaintiff the burden of proving the partnership relation, shall have in his affidavit "denied the existence of the partnership in relation to the subject-matter of the action." Now the subject-matter of this action was a purchase and sale of goods. The affidavit of defense, above quoted, contains (1) The general allegation that Fiorella never was a copartner of Frank Piot in any way whatever, concerning the purchase of any goods whatever from the said plaintiff; (2) the specific averment, that neither he nor Frank Piot, as members of a copartnership, ever received or accepted any of the goods, wares and merchandise set forth in plaintiff's statement of claim; (3) the averment, that Fiorella never received or accepted any goods from the plaintiff in any way concerning the erection and construction of a certain building; and (4) that he did not receive, individually or otherwise, any of the goods set forth in the plaintiff's statement of claim. This was certainly a denial as specific, detailed and absolute as it could be made, that the purchase and sale of the

goods, "the subject-matter of this action," was a partnership transaction. The burden was therefore upon the plaintiff to produce evidence sufficient to warrant a finding of the facts necessary to establish the liability of Fiorella. The first specification of error is sustained.

The request of the defendant for binding instructions was properly refused. The affidavit of defense was offered in evidence, and taken in connection with the oral testimony of Fiorella, this appellant, was sufficient to warrant a finding of the following facts. Piot and Fiorella, jointly, had entered into a written contract with one McDevitt to provide all the materials and perform all the work for the excavation, grading, footings, stone and brick masonry, and setting all cut stone, for a stone dwelling and stable, at a place known as Rocky Crest, about one and a half miles from Ardmore Station; for which work and materials McDevitt was to pay them $7,500, in monthly payments, on the tenth of the month as per statement rendered on the first of the month, for the work done during the previous month, less twenty per cent, to be held until the completion of the contract to the satisfaction of the owner. Piot and Fiorella, by arrangement between themselves, agreed that Piot should look after the obtaining of the materials and Fiorella should procure and superintend the labor required to be done under the contract. Piot was to collect from McDevitt the payments falling due in each month for all materials and work furnished up to the first of that month, less the twenty per cent retained by the owner, and with the money so received was to pay for the materials used and labor employed. These arrangements made by the defendants with McDevitt and between themselves although they referred to the erection of but a single building, necessarily involved rather extended operations and many transactions, the purchase of different kinds of material and the employment and supervision of many laborers, skilled and unskilled. The arrangement between Piot and Fiorella was not that Piot should furnish all the mate-

rials and should for the materials be paid a certain sum or a certain part of the total contract price, and that Fiorella should furnish the labor and for it should receive a certain sum or certain part or percentage of the contract price. Piot was to look after the obtaining of the materials, but he was not to pay for them, he was to collect the money from McDevitt and from the money so received was to pay for the materials and the labor as well. The evidence was such as to warrant a finding that the undertaking was for the joint profit of Piot and Fiorella, the bills for materials and labor were to be paid out of the money received from McDevitt, and any surplus was to be divided between them. This would not constitute them general partners, so as to give one general authority to bind the other, but it would establish between them the relation of partnership as to that particular transaction, and would give them authority to bind each other as to matters within the scope of that transaction: Bradly v. Jennings, 201 Pa. 473. This case is clearly distinguishable from Denithorne v. Hook, 112 Pa. 240, in which a party who, according to the understanding of all the parties to the contract, was to covenant only as a surety for the execution of the contract, in the performance of which he had no other interest, actually signed the contract which made it appear that he was a member of a firm, of which he was not in fact a member. It was held, in the case referred to, that, not being a partner, the signing of the contract was not a holding of himself out as a partner to one who had no knowledge of the existence of the contract at the time the credit was given. This appellant was a party to and had an interest in the contract for the building operation here involved, and it was entirely proper to consider the provisions of that contract in order to determine the relation of the contracting parties to each other. There may have been some question under the evidence as to whether all of the building material for which the plaintiff seeks to recover was delivered to and went into

the building operation, but the court certainly would not have been warranted in declaring as matter of law that none of the material was so used. The testimony of the appellant clearly admitted that some of the material furnished by this plaintiff was actually received by him at the building and used in the construction thereof. The second specification of error is dismissed.

The judgment is reversed with a new venire.