# Coens, Appellant, *v.* Marousis.

*Partnership—Agreement to form partnership—Future event—Contract—Services—Estoppel—Quantum meruit.*

1. Persons who have entered into a contract to become partners at some future time, or upon the happening of some future contingency, do not become partners until the agreed time has arrived, or the contingency has happened.

2. Where the entire capital is contributed by one of the parties, the other furnishing his services free until such time as the former is reimbursed from the profits, when the latter is to be given an interest in the business, no partnership is created until these events occur.

3. If the former refused to carry out the contract and the latter subsequently purchases the business, giving notes therefor, but at the same time demands compensation for his wages previously earned, he is not estopped from recovering the same by reason of the purchase and the giving of the notes.

4. Where one is employed to render services, and fully completes his contract, and the other declines to carry out the provisions as to compensation or fulfil other conditions in the contract, suit may be brought and recovery had on a quantum meruit for the services.

Argued October, 3, 1922. Appeal, No. 188, Oct. T., 1922, by plaintiff, from order of C. P. Lawrence Co., Sept. T., 1918, No. 36, refusing to take off nonsuit, in case of James Coens v. Speer Marousis. Before Moschzisker, C. J., Walling, Kephart, Sadler and Schaffer, JJ. Reversed.

Assumpsit for services on quantum meruit. Before Emery, P. J.

The opinion of the Supreme Court states the facts.

Nonsuit; refusal to remove. Plaintiff appealed.

*Error assigned* was refusal to take off nonsuit, quoting order.

*Clyde Gibson,* of *Hugus & Gibson,* with him *Thos. W. Dickey,* and *Robert White,* of *Clark & White,* for appellant.—Where one employed to render services has fully completed his part of the contract, he may recover on a quantum meruit: Phila. v. Tripple, 230 Pa. 480; Thole v. Martino, 56 Pa. Superior Ct. 371; Brown v. Foster, 51 Pa. 165; Wilson Co. v. Reighard, 230 Pa. 141; White v. Tomkins, 52 Pa. 363; Phillips v. Allegheny Car Co., 82 Pa. 368.

An agreement between parties to become partners at a future time will not make them such: Martin v. Baird, 175 Pa. 540; Rice v. Shuman, 43 Pa. 37; Irwin v. Bidwell, 72 Pa. 244; Beaver v. Slane. 271 Pa. 317.

*Richard F. Dana,* with him *James A. Chambers,* for appellee.—There was an agreement of partnership: Purviance v. McClintee, 6 S. & R. 258; Gregg Twp. v. Twp., 2 Watts 342; Bradly v. Jennings, 201 Pa. 473; Gibb's Est., 157 Pa. 59; Kaufmann v. Kaufmann, 222 Pa. 58; Crow v. Green, 111 Pa. 637.

A party cannot maintain two inconsistent actions or claims for the same right: Potts' App., 5 Pa. 500.

Whether an estoppel results from established facts, is a question for the determination of the court: Lewis v. Carstairs, 5 W. & S. 205; Keating v. Orne, 77 Pa. 89; Cox v. Rogers, 77 Pa. 160.

OPINION BY MR. JUSTICE KEPHART, January 3, 1923:

Plaintiff brought this action to recover the value of his services as manager of a shoeshine parlor. Defendant, having secured rooms in New Castle, Pa., equipped them with furniture and a stock of goods suitable for conducting such business. He then solicited Coens, the plaintiff, to manage it under an agreement that, after the receipts from the business should repay the cost of the original investment, maintenance, and the board and room of plaintiff and defendant, plaintiff, who was to receive no compensation for his services meanwhile other than board and room, was to be given a half interest in the business. Coens conducted the place under this arrangement for a period of twenty months, when defendant requested him to take charge of another business for a brief time. Thereafter defendant was repeatedly requested to make settlement. This he failed to do; no adjustment of plaintiff's claim was ever reached, and he was refused the interest that had been agreed upon. Later, defendant sold this business to plaintiff for the

sum of $1,800, and the bill of sale described the property as being owned in its entirety by defendant. When the sale was negotiated, plaintiff demanded a settlement of his claim, and from this record it appears that at no time thereafter did he waive it in his dealings with defendant. He now sues on the breach of agreement, and claims compensation in quantum meruit for the services performed. The court below, after hearing plaintiff's case, directed a nonsuit for the reason that the cause of action concerned the relations of partners: Crow v. Green et al., 111 Pa. 637, 642.

Whether a partnership existed must be found from the terms of the agreement. A partnership relation may be created where one gives money or effects and the other labor or skill, under an agreement for a proportionate division of profits and losses (Purviance v. McClintee, 6 S. & R. 258, 261; Gregg Twp. v. Half Moon Twp., 2 Watts 342, 343; Bradly v. Jennings, 201 Pa. 473, 474; Gibbs's Est., 157 Pa. 59, 70); but where the agreement contemplates the formation of a partnership at some future time, as in this case, and the entire capital is contributed by one of the parties, the other furnishing his services free until such time as the former is reimbursed from the profits, when the latter *is to be given an interest* in the business, it is evident no partnership is intended until these events occur. Persons who have entered into a contract to become partners at some future time, or upon the happening of some future contingency, do not become partners until the agreed time has arrived, or the contingency has happened: Martin v. Baird, 175 Pa. 540, 554. A mere agreement to form one does not of itself create a partnership; nor does the advancement by one party of his agreed share of the capital. The entire agreement must be considered with all the attending circumstances: 30 Cyc. 358, 359; Irwin v. Bidwell, 72 Pa. 244; Beaver v. Slane, 271 Pa. 317, 321. Appellee's citations are instances where the partnership existed prior to the happening of the event, or where the

condition lapsed into partnership without any further act of either party.

Where one is employed to render services, and fully completes his contract, and the other declines to carry out the provisions as to compensation or fulfill other conditions in the contract, suit may be brought and recovery had on a quantum meruit for the services: 40 Cyc. 2832; A. & S. Wilson Co. v. Reighard, 230 Pa. 141, 144.

Not only is there here a mere intention to form a partnership in the future (and the burden was on defendant to show it was an actual partnership), but it could only become one if the venture was successful, and the interest duly given. If the venture was unsuccessful, then the profits would never pay the original investment, and, if successful and the interest be not given, the partnership does not exist. Plaintiff was not ipso facto to become a partner,—it required an affirmative act; defendant was to give him a half interest in the business. It is for the breach of this covenant the action is predicated. Defendant repudiated the agreement by refusing, after the accumulated profits had reimbursed him for his investment, to give plaintiff the interest therein stipulated.

Coens, in later purchasing the business, gave notes in part payment; they were afterwards paid without a claim for credit on account of wages, but, under the evidence, this did not estop him from asserting the present claim; plaintiff protested when the sale was negotiated, and demanded compensation for wages earned. At no times does it appear he inferentially surrendered his right, but, on the contrary, gave notice to the effect that he would demand it, and he has here diligently set out to get it. A sale and payment of notes under such circumstances precludes the idea of any estoppel; had defendant wished to close the matter finally he could have demanded an acquittance before closing the sale. The court below was in error in holding the facts evidenced a partnership relation.

The judgment is reversed and a venire facias de novo is awarded.