## CRAWFORD v. TRAMONTE.

### No. 9502.

Court of Civil Appeals of Texas. Galveston.

Feb. 16, 1931.

Rehearing Denied March 12, 1931.

A. E. Masterson, of Angleton, and G. Frank Lipper, of Houston, for appellant.

Alfred A. Borofsky, of Galveston, and Rucks & Enlow, of Angleton, for appellee.

GRAVES, J.

As a correct statement of the cause, this one, which the appellee adopted, is taken from appellant's brief: "T. H. Crawford filed suit in the district court of Harris County, Texas, against A. A. Savell on notes owing by the said A. A. Savell to T. H. Crawford, and T. H. Crawford had issued out of the district court of Harris County a writ of attachment, which said writ was levied by the Sheriff of Brazoria County, Texas, on certain cattle branded with the registered brand of A. A. Savell, as the property of the debtor, A. A. Savell, and subsequent to said levy, one Dominick Tramonte filed his claimant's oath and bond as to said cattle and said cause was docketed in the district court of Brazoria County, styled T. H. Crawford vs. Dominick

Tramonte, and upon trial of right of property in Brazoria County before the court without a jury, judgment was rendered in favor of the appellee, Dominick Tramonte, and to which judgment T. H. Crawford, appellant, and plaintiff below, duly excepted in open court and gave notice of appeal to the Honorable Court of Civil Appeals of the First Supreme Judicial District of Texas, and filed his appeal bond as required by law. And this cause has been properly brought to this court by appeal."

■ As indicated, the trial court heard the cause on the facts without a jury's aid; no request was made for findings of fact and conclusions of law, and none were filed, wherefore, if there is in the record sufficient evidence to sustain the judgment so rendered below on any theory of the case, that result will follow on appeal. Article 2208, R. S. 1925, note 13 on page 845, vol. 6, and the authorities therein correlated; Pennington v. Fleming (Tex. Civ. App.) 212 S. W. 303; Robertson v. Lee (Tex. Civ. App.) 230 S. W. 730; Head v. Moore (Tex. Civ. App.) 232 S. W. 362.

After most painstaking study of the record, inclusive of the statement of facts, we conclude that there is such a theory and supporting evidence, it being this:

■ That about June 9, of 1927, Savell and Tramonte entered into a conditional contract of partnership touching the cattle involved, which was still uncomplied with and executory when the writ of attachment herein was levied on them September 2 of 1929 under the terms of which (1) Tramonte was to and did buy the cattle as his individual property for $4,000— $2,000 in cash and $2,000 in deferred payment notes, Savell not to and never acquiring any sort of interest in the original herd; (2) when the purchase money—including interest thereon and all other expenses of the venture—had been refunded to Tramonte out of the cattle, Savell would thenceforth own a one-half interest in the increase thereof, but such advanced purchase money had not at the date of this levy been repaid— more than $1,200 of the outlay being still due to Tramonte—wherefore, the condition precedent to his becoming vested with any title in even the increase not having been met, under well-settled authority, no proprietary interest in the stock whatever had then become vested in Savell; hence they were not subject to attachment for a debt of his. Millers' Indemnity Underwriters v. Patten (Tex. Com. App.) 250 S. W. 154; Irelan v. Smoot, 132 Okl. 270, 270 P. 29; Ottawa County National Bank v. Bouldin, 117 Okl. 104, 246 P. 434; Coens v. Marousis, 275 Pa. 478, 119 A. 549; 47 C. J., Partnerships, paragraph 48, page 675, and paragraph 141, page 733; 13 C. J., Contracts, paragraph 11, page 245, and paragraph 15, page 246; Texas Jurisprudence, vol. 5, Attachments, paragraph 12,

page 176; Buzard & Hilliard v. McAnulty & Mosty, 77 Tex. 439, 14 S. W. 138; Leath v. Uttley, 66 Tex. 82, 17 S. W. 401.

■■ While there was much opposing testimony that may be conceded to have in a measure tended otherwise, including the urgently stressed circumstance that Savell put on the cattle a mark and brand that had been recorded in Brazoria county in his own name, the probative effect of it all was at most only prima facie, the countervailing proof the other way, which it is deemed unnecessary to recount here, being clearly sufficient for a finding that the actual contract between him and the appellee was as just stated; the judgment having been a general one in the latter's favor, that finding will be deemed to have been made as in support of the court's action.

Appellant's contentions for a contrary holding are, in final analysis, all referable to and based upon R. S. article 3999, as construed in the leading case he cites of City National Bank v. Tufts, 63 Tex. 113, on the idea that the evidence conclusively—or to such extent that any other finding would be clearly wrong —shows that the transaction between Savell and Tramonte involved either such a loan of the cattle themselves or the purchase money therefor to the former by the latter, or such a reservation or limitation in the use thereof by Savell by way of condition, reversion, remainder, or otherwise, as came within the purview of that statute; but as indicated, that not being the compelling effect of the evidence as a whole, this court must conclude —under the abundantly supporting testimony —that the contrary finding was made below, that Savell had in his possession and cared for the stock all the time under no such condition of any sort, but merely as the agent of Tramonte, the exclusive owner thereof, wherefore article 3999 has no application to the state of case thus made. Article 3999, R. S. 1925; Templeman v. Gibbs, 86 Tex. 358, 24 S. W. 792, 793; Eason v. Garrison & Kelly, 36 Tex. Civ. App. 574, 82 S. W. 800, 801; paragraphs 8, 9, and 18, Bailments, Texas Jurisprudence, vol. 5, pages 1019, 1020, and 1029; Cox v. Patten (Tex. Civ. App.) 66 S. W. 64; Alsbury v. Alsbury (Tex. Civ. App.) 211 S. W. 650; Woodward v. San Antonio Traction Co. (Tex. Civ. App.) 95 S. W. 76.

As applicable to the different facts thus here obtaining, the distinction between this kind of a cause and the Tufts Case, supra, on the legal equivalent of the same state of proof, is so directly and plainly pointed out by our Supreme Court in Templeman v. Gibbs, above cited, that this much of that opinion is quoted as settling the controversy here: "As used in the statute, the word 'reservation' necessarily applies to the real or pretended right or interest of the owner out of possession; while the word 'limitation'

must apply to the restriction, real or pretended, on the right of the person in possession, to the property or its use. Under the facts existing in Bank v. Tufts, 63 Tex. 116, and Sinker, Davis & Co. v. Comparet, 62 Tex. 475, it was held that the statute applied. Those, however, were cases of conditional sales,. in which the property was placed in possession of vendors, to use as their owner, and of which they were to become owners if they paid the purchase money in accordance with the contract of sale. In such cases the buyer acquires an interest, defeasible though it be, and the seller's right to repossess depends on a condition. By recent statute, such transactions are declared to be chattel mortgages, and subjected to the same rules and requirements in order to protect the sellers against creditors of and bona fide purchasers from the buyers. Sayles' Civil St. art. 3190a. The contract, shown by the statement, made the combined flock common property of Mrs. Ward and Templeman, and constituted them tenants in common. From such a contract and such relation, no 'reservation' or 'limitation,' by way of condition, reversion, remainder, or otherwise, could arise, whether those words be used in a technical or in any other popular sense. No reservation or limitation of the use of the property existing, the statute has no application, and courts have no right or power to apply it to a state of facts not contemplated."

Since these conclusions determine the merits of the appeal, further discussion is forborne. The trial court's judgment has been affirmed.

Affirmed.