## FIRST NAT. BANK IN HEMPHILL v. SAN JACINTO TRUST CO. et al.

### No. 2731.

Court of Civil Appeals of Texas. Beaumont.
April 25, 1935.

Minton & Minton, of Hemphill, for appellant.

B. A. Hamilton, of Jasper, and Miles E. Hilton, of Houston, for appellees.

COMBS, Justice.

Appellant sued out a writ of garnishment against San Jacinto Trust Company, garnishee, after judgment against W. H. Murry and several other defendants. The garnishee answered that it was not indebted to any of the defendants, except that W. H. Murry had a checking account in his name amounting to $234.56 when the writ was served, which account had increased to $364.56 at the time the answer was filed; that said account was subject to check by either W. H. Murry or his wife, Mrs. W. H. Murry; that it did not know whether Mr. Murry or Mrs. Murry was the true owner of the account, but had been informed that it belonged to Mrs. Murry. It prayed that Mrs. Murry be made a party to the proceeding; Mrs. Murry was cited and by her answer claimed title to the funds on deposit with garnishee. On a trial to the court, the finding was in favor of Mrs. Murry and judgment entered discharging the garnishee.

The sole issue presented by the appeal is the sufficiency of the evidence to support the judgment. The trial court filed no findings of fact and none were requested. It will, therefore, be presumed in support of the judgment, that the trial court found all facts in favor of it which have support in the evidence. Humphrey v. Harrell (Tex. Com. App.) 29 S.W.(2d) 963; Crawford v. Tramonte (Tex. Civ. App.) 36 S.W.(2d) 269. We think the evidence supports the finding that the account belonged to Mrs. Murry. Both she and her husband so testified. And while their testimony is somewhat conflicting and uncertain on cross-examination as to the origin of the funds deposited in the account from time to time, still it was for the trial court to resolve such conflicts. The appellant rested its case alone upon the answer of the garnishee and testimony of two of its officers to the effect that the account stood in the name of the defendant W. H. Murry. And although Mr. and Mrs. Murry were interested parties, their testimony that Mrs. Murry owned the account and that the defendant, W. H. Murry, had no interest in it except the privilege of checking on it with his wife's permission was clearly sufficient to raise an issue of fact against the prima facie showing made by the appellant. The trial court's judgment having support in the evidence, it is not for this court to disturb it.

Judgment affirmed.